HORACE WALKER vs. ALFRED H. VAUGHN AND OTHERS.

*S* agreed to sell to *W*, and *W* to buy of *S*, a quantity of machinery in the shop of *S*, for a price agreed, a part of which was to be paid in cash, a part by a well in. dorsed note, and a part by his own note secured by a mortgage back of the machinery. The contract was made on the 30th of September and was to be performed on or before the 7th of October. *W* applied to *H* to indorse two notes for his accommodation of $1,000 each, upon a mortgage of the machinery. *H* on the 5th of October made the indorsements and took the mortgage, after taking a schedule of the machinery at the shop of *S*, supposing that it belonged to *W*. On the 7th of October *S* carried out his agreement with *W* and conveyed to him the machinery and took back a mortgage of a portion of it to secure the note of *W*, which was by the agreement to have been so secured. At this time the mortgage to *H* was on record and was seen by *S* when he took his own mortgage to the register's office. Of the two notes indorsed by the plaintiff one was discounted at bank and furnished the cash payment made by *W*, the other was delivered to *S* by *W*. Held, that the mortgage to *S* took precedence of the mortgage to *H*.

Held also, that *S*, by not rescinding the sale on discovering the mortgage to *H*, had not assented to that mortgage taking precedence of his.

*H*, while in the shop of *S* taking the schedule, asked *S* if the property had been sold to *W*, and he replied that it had. *H* did not state his object in making the inquiry, and *S* replied without any intention of misleading him, but having in mind the agreement with *W* for a sale and supposing that it would be carried out. Held, that *S* was not estopped from claiming that there was not at the time a perfected sale to *W*.

A mortgage of personal property not yet acquired by the mortgagor, will take effect as against the mortgagor, and others not having acquired precedent rights, on the title becoming vested in the mortgagor and possession taken by the mortgagee.

BILL for a foreclosure of a mortgage of personal property and an order for its sale, brought to the superior court for New London county. The respondents were Carmi H. Williams, the mortgagor, Alfred H. Vaughn, the assignee in insolvency of said Williams, and Smith, Daniels & Co., who were also mortgagees of the property, claiming priority to the petitioner, who himself claimed that their mortgage was subject to his. The following facts were found by the court.

On the 30th day of September, 1865, Smith, Daniels & Co. were the owners of all the articles of personal property described in the petitioner's bill. On that day they entered into an agreement with the respondent Williams, to sell and deliver the property to him on or before the 7th day of October then next following, provided he would pay therefor at the time of the delivery the sum of $1,000 in cash and give them a note payable at bank in four months from date with a good responsible endorser thereon for the sum of $1,000, and his own individual note for the sum of eight hundred dollars, payable in two months from date, well secured by mortgage. On the 5th day of October, and before anything had been done by either of the parties to carry the agreement into execution, Williams induced the petitioner to indorse two notes, each for the sum of $1,000, for his accommodation. The petitioner at the time supposed that Williams was the owner of the property above mentioned. Williams, at the time the indorsements were made, gave to the petitioner a mortgage on the property to secure him against all loss by reason of the indorsements. The mortgage was immediately put upon record.

On the 7th of October the agreement between Smith, Daniels & Co. and Williams was carried into execution, and on that day Williams paid them $954 in cash, (which sum was obtained by him by procuring the discount of one of the notes indorsed by the petitioner,) and delivered to them the other note indorsed by the petitioner and his own individual note for $874.50, and agreed to secure the last mentioned note by a mortgage on a portion of the property about to be delivered to him by Smith, Daniels & Co., as soon as the same should be

delivered. Thereupon Smith, Daniels & Co. executed and delivered a bill of the property to Williams and delivered to him the property, and he soon thereafter and on the same day made and executed a mortgage on a portion of the property to Smith, Daniels & Co. to secure his note of $874.50.

The first knowledge that either of the members of the firm of Smith, Daniels & Co. had of the mortgage given to the petitioner was when they lodged their own mortgage with the town clerk to be recorded. The clerk then informed them of the fact, and read to them the mortgage.

On the 15th day of January, 1866, Williams conveyed all his interest in the whole property to the respondent Vaughn in trust for the benefit of all his creditors. Vaughn accepted the trust, and became duly qualified to execute the same.

Williams did not pay the notes indorsed by the petitioner, or any part of them, and the petitioner had to pay them at maturity. Nor has Williams paid them or any portion of them since to the petitioner; nor the note of $874.50 to Smith, Daniels & Co., but the same remains wholly unpaid.

On the 5th day of October, and before the petitioner indorsed the notes, but after he had agreed so to do if Williams would secure him by a mortgage on the property, the petitioner went to the shop where the property was to take a schedule of it, and while there asked the respondent Smith, one of the members of the firm of Smith, Daniels & Co., if the property had been sold to Williams, and Smith replied that it had been so sold. The petitioner did not inform him for what purpose he inquired, nor did Smith know the object of the inquiry, but honestly supposing that the agreement that they had entered into with Williams would be carried out, replied as aforesaid. The petitioner had a person with him to assist in taking the schedule, and during the time of taking it this person remarked to Smith that he was taking the schedule in order to put the articles into a mortgage. The machinery in the shop was running at the time, and much noise was made by it, and whether Smith understood the remark or not the court did not find.

On these facts the case was reserved for the advice of this court.

*Hovey*, with whom was *Trumbull*, for the petitioner.

1. In equity the mortgage from Williams to the petitioner, though the subject of it was personal property to be acquired *in futuro*, was valid as between the parties from the time of its execution and delivery; and having been duly recorded, was binding on all other persons as soon as the title to the property became vested in the mortgagor.   2 Story Eq. Jur., §§ 1021, 1040, 1040 *a*, 1040 *c*, 1055, and the cases there cited; 3 Lead. Cas. in Eq., (3d Am. ed.,) 308, 343, 353 ; *Mitchell* v. *Winslow*, 2 Story R., 630 ; *Fletcher* v. *Morey*, id., 555 ; *Abbott* v. *Goodwin*, 20 Maine, 408; *Coe* v. *Pennock*, 6 Am. Law Reg., 27 ; *Calkins* v. *Lockwood*, 16 Conn., 276 ; Story on Bailments, § 294 ; *Macomber* v. *Parker*, 14 Pick., 497.

2. It is believed that the mortgage is good and effectual also at common law ; for, notwithstanding the rule that a man cannot grant or charge that to which he has no right or title, yet if one having no interest or only a defeasible interest in land conveys it with warranty, and afterwards acquires an absolute title to the property, such title immediately becomes vested in the grantee by estoppel.    2 Smith's Lead. Cas., 517 ; Rawle on Covenants for Title, 410, 411, 412 and notes ; *Hoyt* v. *Dimon*, 5 Day, 479 ; *Somes* v. *Skinner*, 3 Pick., 52 ; *White* v. *Patten*, 24 id., 324 ; *Baxter* v. *Bradbury*, 20 Maine, 260.   And no reason exists why the same result should not follow from a covenant of warranty in a mortgage of chattels executed under the provisions of our statute.

3. The respondent Vaughn, as trustee of the property and rights of property assigned to him by Williams under the insolvent law, has only such rights and interests as Williams himself had at the time of making his assignment, and consequently is affected with all the equities which would affect Williams himself, if he were here asserting those rights and interests.    2 Story Eq. Jur., § 1229, and the cases there cited ; *Mitchell* v. *Winslow*, 2 Story R., 630 ; *Langton* v. *Horton*, 1 Hare, 549 ; *Palmer* v. *Thayer*, 28 Conn., 237.

4. The declaration of the respondent Smith to the petitioner on the 5th of October, that Smith, Daniels & Co. had sold the mortgaged property to Williams, should estop that firm from saying now that the property had not been so sold. *Dyer* v. *Cady* 20 Conn., 563 ; *Roe* v. *Jerome*, 18 id., 138 ; *Brown* v. *Wheeler*, 17 id., 345 ; 2 Smith's Lead. Cas., 531, 532.

5. Smith, Daniels & Co., having had notice when they went to the town clerk's office to lodge their mortgage for record, that $1,950 of the consideration which they had received from Williams for the property had been furnished by the petitioner, and that the petitioner had taken from Williams a mortgage of the same property for his security, should have rescinded the contract for the sale of the property to Williams if they did not intend to allow the petitioner's mortgage a priority over theirs ; and, not having done so, they should be deemed to have assented to the mortgage of the petitioner and to have waived their right, if they had any, to a priority thereto. *Smith* v. *Carr*, 16 Conn., 450.

6. If the mortgage of the petitioner is not entitled to priority over that of Smith, Daniels & Co., he is entitled to a decree for the sale of the property subject to the latter mortgage, or upon the payment to Smith, Daniels & Co. of the amount due to them upon the same.

*Wait* and *Starkweather*, for the respondents Smith, Daniels & Co.

1. The mortgage executed by Williams to Walker, on the 5th of October, of machinery which he did not then either own or possess, was void as against the mortgage executed by him on the 7th of October to Smith, Daniels & Co. *Tapfield* v. *Hillman*, 6 Man. & Grang., 245 ; *Lunn* v. *Thornton*, 1 Man. Grang. & Scott, 379 ; *Winslow* v. *Merch. Ins. Co.*, 4 Met., 315 ; *Jones* v. *Richardson*, 10 id., 481 ; *Moody* v. *Wright*, 13 id., 17 ; *Codman* v. *Freeman*, 3 Cush., 306. The recording of this mortgage from Williams to Walker could not affect the rights of Smith, Daniels & Co., such record not being sufficient notice of a legal incumbrance as to subse-

quently acquired property. *Jones* v. *Richardson*, 10 Met., 481.

2. Smith did not make any representations that were intended or calculated to influence or mislead Walker. The finding shows that Smith did not know the object of his visit or of his inquiry, and that his answer was not in any way calculated to influence, much less to mislead him. To have Smith's declarations operate as an estoppel, it should appear both that he made them with intent that they should be believed and acted on by Walker, and that the action of Walker was in fact induced by them and took place on the strength of them. *Danforth* v. *Adams*, 29 Conn., 107.

*Pratt*, for the respondent Vaughn.

1. The mortgage given by Williams to Walker was absolutely void. Williams was not the owner of the property at the time of the execution of the mortgage, and therefore could not mortgage it. The statute confers no power upon any one except the owner to make a mortgage of personal property. Neither under the common law could a person make a valid mortgage of personal property which he neither owned nor possessed. *Rowan* v. *Sharps' Rifle Manufacturing Co.*, 29 Conn., 282; 1 Hilliard on Mortgages, 6.

2. The mortgage being void, and the mortgagor after he came into possession of the property having remained in possession, and done no act to give life to the mortgage, the mortgagee has no title whatever to interpose against the trustee's claims. *Swift* v. *Thompson*, 9 Conn., 63; *Rood* v. *Welch*, 28 id., 157; *Shipman* v. *Ætna Ins. Co.*, 29 id., 245.

3. The trustee is not estopped from showing that the mortgage from Williams to Walker was void. He is the agent of the creditors of the insolvent. Any conveyance which would have been deemed fraudulent and void as against attaching creditors is equally void against him. Even if Walker could enforce the mortgage as against Williams, the trustee is at liberty to treat it as void. *Shipman* v. *Ætna Ins. Co.*, 29 Conn., 245.

4. The doctrine of estoppel by warranty, as applied to real

estate, cannot be extended so as to cover this case. This doc-
trine, even in relation to real estate, though carried to great
lengths in some of the cases, has been regarded by the best
elementary writers as hardly defensible on principle. Rawle
on Covenants for Title, 333 ; 2 Smith's Lead. Cases, Am. Ed.,
551.

5. If the title of Smith, Daniels & Co. is good, how can the
petitioner have a decree of sale in this case ? How can the
trustee determine as to the equity of redemption ? The sale
may not amount to enough to pay the prior claims of Smith,
Daniels & Co. The court can see that if the claim of these
latter parties is held good, the petitioner's bill must be dis-
missed, since he is not entitled to have a sale of the property,
and he neither prays for, nor under the statute can have, any
other remedy.

McCURDY, J. The first question arising on the record nat-
urally is, what was the effect of the mortgage given by Wil-
liams to Walker taken by itself. It is said by the respondents
that this was absolutely void, as Williams was not at the time
of the giving of the mortgage the owner of the property pur-
porting to be conveyed. Upon this point, whether there can
be a valid mortgage of personal property to be acquired *in
futuro*, many authorities have been cited, and the decisions
seem not to be uniform. It is hardly necessary to examine
them particularly, as there has been a late decision of this
court which must be considered as establishing the law here.
In the case of *Rowan* v. *Sharps' Rifle Manufacturing Co.*, 29
Conn., 283, it was held, " where a mortgage of a factory and
its equipments embraced in its terms such machinery and
stock as should be afterwards purchased and placed upon the
premises, and the mortgagee had afterwards taken possession
of the factory with such subsequently acquired property, that
whatever effect was to be given to the provision in itself, it
became operative upon possession being taken by the mort-
gagee."

In the present case, as in the one cited, possession of the
property was taken by the mortgagee; and his title would

have been complete had no other transaction intervened to affect it. But before his title had been so completed or possession could have been taken by him, viz., on the 7th of October, Smith, Daniels & Co., who at this time were the owners of the property, in pursuance of their previous agreement perfected the sale to Williams and delivered to him the articles. Williams in part payment gave them his note and secured it by a mortgage of a portion of the property. It is found that this mortgage was given the same day and soon after the sale. The petitioner thereupon claims that there was an interval between them, and so that his mortgage becomes the first. It seems to us otherwise. The original agreement was upon the condition that the note to be given should be secured by a mortgage. The understanding of the parties evidently was that the three acts, the sale, the giving the note, and securing it by mortgage, should be continuous and one transaction. They were substantially one. There is always some space between the execution of two instruments. The mortgage from Williams to Smith, Daniels & Co. took effect as soon as Williams had power to make a complete conveyance to any one, and must take priority over the mortgage to the petitioner.

But the petitioner insists that Smith, Daniels & Co. are estopped from setting up their title, for the reason that on the 5th of October Smith stated to him in reply to a question that the property was sold ; and Smith was informed that a mortgage was about to be placed upon it, and a schedule was being taken for the purpose. The reply to this is to be found in the language of the court, that " the petitioner did not inform him for what purpose he inquired, neither did Smith know the object of the inquiry, but honestly believing that the agreement that the firm had entered into with Williams would be carried out, replied as aforesaid."

There have been so many decisions in this state on the subject of estoppels, and the principles are so well understood, that it is not necessary to quote authorities. The elements of estoppel do not exist in this case. The conversation was loose and casual, an agreement for the sale had in fact been

made. No representations were made which were intended or calculated to influence or mislead the petitioner. It does not appear that his course was affected by the answer. With respect to the remark that there was about to be a mortgage, it is not found that this was heard by Smith; but the inference from the finding, in its allusion to the noise of the machinery, is that he did not hear it. An estoppel is not to be favored which in the particular case is calculated to do injustice.

It is further argued that Smith, Daniels & Co., upon learning at the clerk's office of the mortgage to the petitioner, should have rescinded their contract of sale. There was no occasion for them to do this, and they would have had no object in doing it, as according to our view their mortgage was first and their title paramount in relation to the articles secured to them.

The prayer of the petitioner should be granted, he taking subject to the mortgage of Smith, Daniels & Co.

In this opinion the other judges concurred.