OSCAR F. CHASE & another *vs.* CHARLES A. DENNY.

Worcester.   Oct. 12, 1880. — April 5, 1881.   COLT, MORTON & FIELD, JJ., absent.

A mortgagee of after-acquired property, who takes possession of it of his own motion, before proceedings in insolvency are instituted against the mortgagor, has a valid lien upon it as against the assignees in insolvency of the mortgagor, although the mortgagor is insolvent at the time possession was taken, and the mortgagee knows it.

CONTRACT, by the assignees in insolvency of Albert E. Smith, and of the firm of Smith and Collier, for money had and received. Answer, a general denial. Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions, in substance as follows:

On December 18, 1878, Albert E. Smith made two mortgages to David E. Merriam as trustee for the Leicester National Bank, to which Smith was largely indebted, of certain stock then in his mills, and also of all property of a similar character which he might afterwards acquire and place in his mills. These mortgages were duly recorded on December 23, 1878, and, although expressed to be for $3000 and $10,000 respectively, payable on demand, were intended as collateral security for the general indebtedness of Smith then due or thereafter to be contracted. It was not contended that, at the time of making the mortgages, Smith was insolvent, or in contemplation of insolvency.

There was evidence tending to show that Smith was insolvent on March 7, 1879, and absconded on that day; and that on March 10, 1879, Merriam took possession of the property intended to be covered by the mortgages. Two days afterwards,

a letter written by Smith to his counsel before possession was taken, requesting him to tell the bank to take possession, was communicated to the bank. It was admitted that all the property taken possession of was acquired by Smith after the making of the mortgages. The possession of the mortgagee, taken as above, was continued until the sale of the property under the agreement hereinafter mentioned.

Smith was at the time a partner with one Collier, engaged in a similar business at another place. On March 14, 1879, Collier instituted proceedings in insolvency in behalf of said firm; and, after due proceedings had, on April 2, 1879, Smith was adjudicated an insolvent debtor and a warrant issued against his estate, and the plaintiffs were afterwards appointed assignees of his estate.

On April 29, 1879, an agreement was entered into between the plaintiffs, the mortgagee and the defendant, by which the property was to be sold and the proceeds placed in the hands of the defendant, as trustee, to be paid over to the person or corporation entitled to them. And this action was brought to recover such proceeds.

There was no other evidence tending to show that Smith had any participation in the act of taking possession by the mortgagee, either by giving any authority or directions before it was done or taking part in it when it was done, or any knowledge that it was done or was to be done before possession was actually taken.

The judge instructed the jury that, to defeat the mortgagee's title by Smith's insolvency, the plaintiffs must show that Smith was insolvent at the time possession was taken, and that the mortgagee at that time had reasonable cause to believe him to be insolvent, and that the possession was taken by the mortgagee for the purpose of gaining a preference over other creditors, and added: " What did he take possession for? Was it to get the debt secured by the mortgage in preference to other creditors? If all these ingredients are established, then I rule that that would defeat the title under the mortgages. It must have been intended as a preference, and possession taken for that purpose. Smith must have intended a preference, and the jury are at liberty to look at the fact of his going away and leaving the

property in the shape he did, and the fact about the letter and the giving of the mortgages as bearing upon that question."

The defendant asked the judge to rule, that, in order to constitute a preference, it was necessary for the plaintiff to show some transfer or conveyance of property by the insolvent at a time when he was insolvent with a view to give a preference to a creditor, that the creditor had reasonable cause to believe the insolvency of the debtor, and that the transfer or conveyance was made in fraud of the laws relating to insolvency; and that if Smith did no act and caused none to be done with reference to taking possession of the property, but the mortgagee of his own motion took possession of the property with a view of perfecting his title thereto, the fact that Smith at the time was insolvent, and the mortgagee had reasonable cause to believe it, would not defeat his title to said property on the ground of preference. The judge refused so to rule, except so far as it was embraced in the ruling given.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*G. F. Verry & F. A. Gaskill*, for the defendant.

*W. S. B. Hopkins*, for the plaintiffs.

SOULE, J. It has been repeatedly held in this Commonwealth that a mortgage purporting to convey all the chattels of specified kinds which may thereafter be acquired by the mortgagor does not give any title to those chattels when acquired by him, unless the mortgagee takes possession of them. *Jones* v. *Richardson*, 10 Met. 481. *Barnard* v. *Eaton*, 2 Cush. 294. If, however, the after-acquired property is taken by the mortgagee into his possession before the intervention of any rights of third persons, he holds it under a valid lien, by the operation of the provision of the mortgage in regard to it. This is stated to be the rule in the case of *Moody* v. *Wright*, 13 Met. 17; and we see no reason to question its correctness. The mortgage in that case was held to be inoperative, against the assignees in insolvency of the mortgagor, as to the after-acquired property, solely on the ground that the mortgagee did not gain possession of them before the proceedings in insolvency were set on foot; and it was said by Mr. Justice Dewey, in delivering the judgment of the court, that "when the creditor does take possession under

it" (the mortgage) "he acts lawfully under the agreement of one then having the disposing power, and this makes the lien good." If, therefore, in that case, the mortgagee had taken possession of the after-acquired property at any time before the insolvency proceedings began, the decision would have been in his favor, on the ground that his title related to the date of the mortgage. Such taking of possession, though effected immediately before insolvency proceedings were instituted, and with full knowledge of the insolvency of the mortgagor, would not be the acceptance of a preference, but the assertion of a right which had been previously acquired by the mortgagee under an instrument in writing made when the parties to it were both competent to contract, and when there was no qualification of the right of either to deal with the other. *Mitchell* v. *Black*, 6 Gray, 100. See also *McCaffrey* v. *Woodin*, 65 N. Y. 459; *Walker* v. *Vaughn*, 33 Conn. 577.

The application of these doctrines to the case at bar is plain. The mortgage was made when the mortgagor was solvent. The defendant took possession of the after-acquired property, which the mortgage purported to convey to him, of his own motion, and without any suggestion from the mortgagor. In doing so, he availed himself of a right given to him when the mortgage was delivered, and did not accept a preference. He undoubtedly obtained security for the debt named in the mortgage, and took possession of the property for the purpose of doing so with full knowledge of the insolvency of the mortgagor; but this failed to make his act the acceptance of a preference, because the right to do what he did was obtained long before, and when there was no suspicion of insolvency.

The judge who presided at the trial in the Superior Court erred therefore in refusing to rule as requested by the defendant, and in making the rulings which were inconsistent with the ruling asked for by him. *Exceptions sustained.*