M. PHILLIPS & CO. vs. F. W. McCHESNEY, Assignee.

AGREED SUBMISSION.

HEARING, JULY 16, 1891.   DECISION, SEPTEMBER 28, 1891.

JUDD, C.J., BICKERTON, DOLE, JJ.   McCULLY, J., ABSENT.

A mortgagee of a stock of goods is entitled to the remaining goods that were in possession of the mortgagor at the date of the mortgage.

A mortgagee, holding a chattel mortgage on a stock of goods and after-acquired stock, must take actual possession of said stock of goods before the intervention of third parties or the commencement of proceedings in bankruptcy, to give him a legal title in the same.

STATEMENT OF FACTS.

W. H. Daniels, of Wailuku, on the 1st day of May, 1889, then commencing business as a retail trader, made a mortgage to said M. Phillips & Co., a copy of which is hereto annexed and made a part hereof, which was duly placed on record.   Said mortgage was given to secure the account of said M. Phillips & Co. for goods sold and goods agreed to be sold to said Daniels.   Said Daniels since giving said mortgage has carried on said business and has purchased goods from other dealers, and has made payments on account to them and is now indebted to them for such goods.

On March 25th, 1891, Phillips & Co. made demand upon said Daniels for payment of the balance of his account due them for said goods and other goods sold to him from time to time, then amounting to $4,514.36.   Upon said Daniels refusing to pay the same, Phillips & Co. demanded of him, at said Wailuku, possession of all of his stock in trade, goods, wares and merchandise, chattels and fixtures then in his said store, claiming to be entitled to the same under said mortgage.   Delivery of possession was refused.

19

On March 31st, 1891, a petition was filed in the Supreme Court to have said Daniels declared a bankrupt, and on April 13th, 1891, a decree of bankruptcy was entered against him. F. W. McChesney was chosen assignee in bankruptcy of said Daniels, and is in possession of said stock of goods of said Daniels.

The questions of law are as follows:

1.  Are M. Phillips & Co entitled to the possession of such portion remaining, if any, of said stock which was in said Daniels' possession at the date of said mortgage?

2.  Are M. Phillips & Co. entitled to the possession of all of the goods, chattels and fixtures in said stock acquired by said Daniels after the date of said mortgage, and in his possession at the date of their demand?

### Opinion of the Court, by Bickerton, J.

The first question of law must be answered in the affirmative. It has always been held by this Court that chattel mortgagees are entitled to the possession of such portion remaining of the stock that was in possession of the mortgagor at the date of the mortgage. See *Hardy vs. Ruggles*, 1 Hawn., 409; *Spencer vs. Bartow*, 3 Hawn., 719. This was held to be the law in the recent case of *W. C. Parke*, Assignee, *vs. L. J. Levey*, and in other cases not reported.

The second question of law raises a new point. There is a clause in this mortgage which reads: " All my stock in trade, goods, wares, merchandise, chattels and fixtures in my store in Wailuku aforesaid, and all after-acquired goods, wares, merchandise and chattels that shall be purchased by me out of the proceeds of sales of the present stock."

In the first place, it does not appear by anything before us that any of the goods in the possession of Daniels, the mortgagor, at the date of the bankruptcy, were bought with the proceeds of goods in his stock at the date of the mortgage. In the case of *Spencer vs. Bartow* cited above, it was shown that a set of furniture that was covered by the mortgage was exchanged for a buggy; the Court held that the mortgagee was entitled to

the buggy, for it was substituted for the set of furniture, and that would be no different from selling the furniture and with the proceeds purchasing the buggy. Nothing of the sort appears here, how could it in a general retail store like this one; goods were being sold and new goods bought from a number of dealers, and became commingled in the general stock of the store. It would be impossible to say that any particular lot of goods were bought with the particular proceeds of the original goods covered by the mortgage. But the plaintiff does not seem to rely much on this, but claims that he is entitled to the possession of the after-acquired stock of goods, the payment of the debt having been refused after due demand, and demand having been made of Daniels at Wailuku for the possession of all of his stock in trade, goods, wares, etc., etc., then in his said store, the mortgagee claiming to be entitled to the same under said mortgage. Delivery and possession was refused. There is no question as to the right of the mortgagee to the possession of the remainder of the original stock at date of mortgage : the authorities cited by plaintiffs sustain this position : but the question is, what is necessary to be done in regard to the after-acquired property or stock to secure to him the title in it. The plaintiff relies strongly on the case of *Chase vs. Denny*, 130 Mass., 566. In that case the mortgagee of his own motion, four days before proceedings in insolvency were begun, and nineteen days before the mortgagor was adjudicated a bankrupt, took actual possession of all the property covered by the mortgage. The mortgage covered after-acquired property, and it was admitted that all the property taken was acquired by the mortgagor after making of the mortgage. Soule, J., in giving the decision of the Court, says: "It has been repeatedly held in this commonwealth that a mortgage, purporting to convey all the chattels of specified kinds which may thereafter be acquired by the mortgagor, does not give any title to those chattels when acquired by him unless the mortgagee takes possession of them." * * * "If, however, the after-acquired property is taken by the mortgagee into his possession before the intervention of any right of third persons, he holds it under a valid lien by the operation of

the provision of the mortgage in regard to it. This was held to be the rule in the case of *Moody vs. Wright*, 13 Met., 17, and we see no reason to question its correctness."

In that case the mortgagee did not gain possession of the after-acquired property before the proceedings in insolvency were set on foot, and the mortgage was held to be inoperative against the assignees in insolvency.

Soule, J., further says: "Such taking of possession, though effected immediately before insolvency proceedings were instituted, and with full knowledge of the insolvency of the mortgagor, would not be the acceptance of the preference, but the assertion of a right which had been previously acquired by the mortgagee under an instrument in writing made when the parties to it were both competent to contract, and when there was no qualification of the right of either to deal with the other."

In the case at bar, the plaintiff mortgagee did not take actual possession of the chattels; on the contrary, he was refused possession by the mortgagor.

In the case of *Mitchell vs. Wiselow*, 2 Story, 630, cited by plaintiff, the agent of the mortgagee took actual possession of the property. "Constructive possession under a chattel mortgage is ineffectual. The right to possession is by virtue of the contract and not, as in an execution, by virtue of the law. Possession must be taken in fact; it cannot be taken by words and inspection. It must be actual, open, public." Jones on Chattel Mortgages, Sec. 186.

There is not a case cited, nor do we find a case that supports the position taken by the plaintiff, viz., that upon making demand for possession of the mortgaged stock, the estate of the mortgagees became absolute and that they had the legal title to the property. On the contrary, the authorities seem to be all the other way. The mortgage creates a lien on the after-acquired property, but to complete his title to the property the mortgagee must take actual possession of it before the proceedings in bankruptcy are set on foot, or before the intervention of third parties.

We have therefore to answer the second question of law in the negative.

*F. M. Hatch,* for plaintiff.

*W. O. Smith,* for defendant.