ALLEN v. WINDHAM COTTON MFG. CO. et al.

(Circuit Court, D. Connecticut. June 22, 1898.)

MORTGAGE ON AFTER-ACQUIRED PROPERTY—ACCOUNTING—DECREE DECLARING LIEN.

　　A mortgage covering real estate, machinery, and "all the stock of cotton, raw, in process of manufacture, and manufactured goods," on the mortgaged premises, and all which may be placed thereon, stipulated that until default the mortgagor may use and sell such cotton and goods, and receive the proceeds thereof. *Held*, in a suit for an accounting, that the mortgagee had no rights as to goods sold before the bill was filed, but upon answer showing the amount of cotton and goods on hand, no rights of third persons intervening, she was entitled to a decree declaring her mortgage a lien thereon.

This was a suit in equity by Mary R. Allen against the Windham Cotton Manufacturing Company and others for foreclosure of a mortgage and an accounting.

Arnold Green and W. A. Briscoe, for complainant.

Edwards & Angell, for respondents.

TOWNSEND, District Judge. The mortgage in the present case specified a large amount of real estate and machinery, and added, "Together, also, with all the stock of cotton, raw, in process of manufacture, and manufactured goods, now on said mill estate, and all those which may be placed thereon in lieu of or in addition to what is now there;" and contained the stipulation that, "until default in payment of principal or interest, the mortgagor may use and sell said cotton, stock in process, and manufactured goods, and receive the proceeds thereof." The only question, if there is any question between the parties, seems to be as to the cotton which had been manufactured and sold previous to the filing of the bill. As to this, the complainant has no rights, and is not entitled to an accounting. The intent of the mortgage and the proper construction of its terms is that the mortgagor should go on with its business, buying, manufacturing, and selling, and using the money derived from said sales in carrying on its business, until default in payment of principal or interest, and until the mortgagee signified her intention to enforce the provisions of the mortgage.

A mortgage upon after-acquired property is good, under the laws of Connecticut, as between the mortgagor and mortgagee and as against third parties, provided the mortgagee actually takes possession before any other rights have intervened. Rowan v. Manufacturing Co., 29 Conn. 282; Walker v. Vaughn, 33 Conn. 577. No question is made but that the mortgage is valid and effective as to real estate and machinery. The respondents' amended answer admits that they have on hand (presumably at the time of the filing of the bill) raw cotton, cotton in process of manufacture, and manufactured goods of the value altogether of something more than $12,000. As to this cotton, raw, in process of manufacture, and manufactured, counsel for complainant claims that the provisions of the mortgage amount "to an agreement for a lien on after-acquired property," and says, "Probably the only effective decree in the complainant's favor would be a declaratory one establishing her mortgage lien on this property." Respondent does not seem to dispute complainant's right to such a decree. There is no intimation that the rights of any third party, such as a trustee in insolvency, or attaching creditor, have intervened. The simple bringing of this suit is not a taking possession by the mortgagee, and such rights of third parties would be superior to the complainant's; but, as between the complainant and the respondent, the mortgage has the effect which complainant claims, and a decree as is desired by her, extending to the cotton on hand, may be made. If counsel cannot agree as to the form of said decree, each party may draw and submit one to the court for final adjudication.