# FRED HARRISON *v.* LOUIS MARKS and J. A. MAGOON.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 1, 1898.          DECIDED SEPTEMBER 26, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

Held, under the circumstances set forth in the opinion, that the possession of the mortgagee under a chattel mortgage, covering after-acquired as well as original stock, was sufficient to perfect his title so as to protect him against a distraint of the chattels by the landlord of the mortgagor, although he, the mortgagee, retained the mortgagor to take charge of the chattels for him.

### OPINION OF THE COURT BY FREAR, J.

This is an action for $661.25 upon a bond executed August 19, 1897, in favor of Fred Harrison by Louis Marks as principal and J. A. Magoon as surety. The condition of the bond is as follows: "The condition of this obligation is such that whereas said F. Harrison claims that the sum of Six Hundred and Sixty-one 25-100 Dollars is due to him for rent of certain premises being No. 514 and 516 Fort Street. And whereas said F. Harrison has begun distraint proceedings for the collection thereof upon the chattels in said premises and whereas the said L. Marks claims the said chattels as mortgagee in possession. Now therefore in case the said L. Marks shall pay or cause to be paid to the said F. Harrison all rent that said F. Harrison under the law and the circumstances of the case has a right to distrain for upon the said goods and chattels then this obligation shall be void otherwise to remain in full force and virtue."

The defense was that the condition of the bond had not been broken and consequently that the plaintiff had not been damnified—for the reason that he was not entitled to distrain the said goods and chattels on the said date. The Circuit Court, jury waived, sustained the defense and gave judgment for defendant, and plaintiff now brings the case here on exceptions.

The judgment of the Circuit Court was based on several grounds, only one of which need be considered by us, namely, that the plaintiff had no right to distrain because the defendant Marks was a mortgagee in possession of the goods sought to be distrained.

Our statute permits distraint of the goods and chattels of the defaulting tenant only, not those also of a stranger found on the premises. *Widemann v. Thomas,* 10 Haw. 371. The right to distrain cannot be exercised as against a mortgagee in possession under a recorded mortgage of the chattels in question. *Wundenberg v. Campbell,* 9 Haw. 207; *Cartwright v. Widemann,* 9 Haw. 692. The main question in this case is whether the defendant Marks was a mortgagee in possession of the chattels in question when the plaintiff attempted to distrain and when he took the bond which is the subject of this action. It is undisputed that the relation of landlord and tenant existed between the plaintiff and one E. A. Williams, who was conducting a furniture and undertaking business on the premises in question and that the amount of rent due on the date in question was as claimed.

The property on the demised premises, except a portion thereof which had been after-acquired in the course of business, belonged originally to C. E. Williams, father of E. A. Williams and had been sold by him to the said E. A. Williams and another son, H. H. Williams, and afterwards, so defendants claim, it had been sold to Mary E. Williams, wife of E. A. Williams. The plaintiff contends that there was no valid sale to Mary E. Williams. In this decision we consider the property as not belonging to her. There were three mortgages upon it,—two of

them, dated June 22, 1894, made to C. E. Williams by his said sons respectively and afterwards assigned to J. A. Magoon, Trustee, and by him assigned, August 9, 1897, to defendant Marks, and one, dated November 5, 1896, made to defendant Marks by Mary E. Williams and E. A. Williams. These mortgages in terms covered all after-acquired stock; this, like the original stock, would be protected against distraint, in case the holder of the mortgages took possession before the distraint was made. See *Phillips v. McChesney*, 8 Haw. 289.

As to whether Marks took possession before the plaintiff attempted to distrain, there was testimony as follows: In the early part of August, 1897, Marks came to the conclusion that he ought to foreclose; on Thursday, August 5, defendant Magoon acting as attorney for Marks sent another attorney who was then with him to Williams' place of business to take possession in the name of Marks; Williams asked for time to see his wife and with her went to Magoon's office where a meeting with Marks was agreed upon for the next day, Friday; on Friday, the meeting was held and after ineffectual attempts to come to some other agreement, it was decided that the mortgages should be foreclosed, Magoon agreed to assign his mortgages to Marks, and Williams and his wife consented to Marks taking possession; Marks then asked Williams to take charge for him until the next morning, Saturday; on Saturday, Marks asked Williams to continue in charge under him on salary and Williams consented to do so; the same day Marks delivered to Williams and his wife a written notice at their place of business that he took possession under the three mortgages for breach of conditions; Marks also on that day or the following Monday sent his own book-keeper to take charge of the books, with a written notice to Williams to that effect and a request to Williams to render the book-keeper assistance; on Monday Magoon formally assigned the two earlier mortgages to Marks in pursuance of the agreement made on the previous Friday, and on the same day Marks advertised notice of foreclosure of the first mortgage in a newspaper; he also on the same day paid Williams $25, one week's salary; the next day,

Tuesday, the plaintiff with his attorney went to Williams' place of business, to demand rent and distrain if it should not be paid; Marks who had just left there saw them going there, followed them in and informed them that he had possession; they claimed that plaintiff had a right to distrain and Marks offered by way of settlement to pay four months' rent less a debt owing by plaintiff to Williams; this offer he made on the belief that that was the most that plaintiff could distrain for, if he could distrain at all, and he was willing to pay that rather than go to law about it; the offer was declined and two horses and a buggy were distrained; later these were returned and the bond now sued on was taken instead; the mortgages were all recorded. Marks did not personally remain at Williams' place of business after his alleged taking possession, although he called there several times a day to see how things were going on; there was no change of sign; Williams continued to keep books to some extent, Marks' book-keeper taking statements from Williams' books and from Williams orally; Williams kept the keys of the building; the bill-heads remained the same as before.

The Circuit Court found on all the evidence that "the possession of Marks was actual and sufficiently notorious to complete his title to the after-acquired property." Regarding, as we must, this finding as in the nature of a finding of a jury, there was sufficient evidence to support it and it cannot be set aside. We cannot hold that a mortgagee cannot, as matter of law, under any circumstances retain the mortgagor to take charge for him. In the present case bearing in mind that the mortgages were recorded and that there is no suggestion whatever of fraud, we are of the opinion that the finding of the Circuit Court cannot be disturbed.

The exceptions are overruled.

*C. Brown* and *A. G. M. Robertson* for plaintiff.
*J. A. Magoon* and *R. D. Silliman* for defendants.