## FORD and Another *v.* GARNER.

*A.* and *B.* being sureties for *C.* upon a certain debt, agreed in writing, in consideration that *C.* would pay said debt out of certain moneys owing to her, that they would effect an insurance on the life of her son for her benefit, for two thousand dollars, or in case of his death before such insurance was effected, that they would pay her said sum of two thousand dollars. Suit by *C.* upon the agreement.

*Held*, that as *C.* was already liable to pay the debt, her promise to pay it out of a particular fund imposed no additional obligation upon her, neither did it operate to the benefit of the sureties as an assignment of the debt due to her.

*Held*, also, that in order to constitute an assignment, either in law or in equity, there must be such an actual or constructive appropriation of the subject matter assigned, as to confer a complete and present right on the assignee, even where the circumstances do not admit of its immediate exercise.

*Held*, also, that a covenant, on the part of the debtor, to apply a particular fund in payment of the debt, so soon as he receives it, will not operate as an assignment.

*Held*, also, that as the promise of *C.* to pay the debt out of a particular fund conferred no benefit on the sureties, and imposed no loss, trouble, inconvenience, or charge upon her, it was insufficient, as a consideration, to support the promise of the sureties to effect the insurance.

*Tuesday,
December* 11.

APPEAL from the *Floyd* Circuit Court.

WORDEN, J.—Suit by the appellee against *Ford* and *Morris* upon the following bond, viz:

"Know all men, by these presents, That we, *John B. Ford*
and *William D. Morris*, of the city of *New Albany*, State
of *Indiana*, are held and firmly bound unto *Ruth Garner*,
in the penal sum of twenty-five hundred dollars; for the
payment of which, well and truly to be made and done, we
hereby bind ourselves, our heirs, executors, and administra-
tors. Sealed with our seals, and dated this 12th day of
*April*, 1858."

"The foregoing bond is subject to. the following condi-
tions, and is made for the purposes following, to wit: *Whereas*,
said *Ruth Garner* is justly indebted in the amount of two
notes of one thousand dollars each, with interest, held by
the *Ohio Insurance Company*, upon which said *Ford* and
*Morris* are indorsers, which notes were originally given for
a part of the *Steamer Pelican;* and whereas, the *Steamer
Pelican* was insured, in several insurance companies, for the
use and benefit of the owners of said boat; and whereas,
said boat was afterward destroyed by fire, and a part of
the insurance money is coming to said *Ruth Garner* as one
of the owners of said boat; and whereas, said *Ruth Garner*
has agreed that enough of her interest in the money arising
from the said insurance of said boat shall be applied, (if
there is enough), to pay both of said notes and the interest
thereon, if not, whatever there may be; on condition that
said *John B. Ford* shall and will effect an insurance, for the
term of seven years, upon the life of *William H. Garner*,
for the sum of two thousand dollars, for the use and benefit
of said *Ruth Garner*, and pay all calls and premiums, for
said period, on account of said insurance; said insurance to
be in a good and solvent insurance company. And whereas,
said *William H. Garner* is not now at home, but down the
river, and no medical examination can be made of him for
the purpose of effecting said insurance; therefore the said
*Ford* agrees and binds himself to pay to said *Ruth Garner*
the sum of two thousand dollars in case the said *William
H. Garner* shall depart this life before an insurance shall be
effected upon his life as aforesaid. Now, therefore, if the said
*Ford* shall, in all things, comply with the stipulations in the
foregoing instrument, to be by him performed, then the fore-

going bond to be void, otherwise to be and remain in full force and virtue in law.

'"In witness whereof, &c.,

(Signed,)    " J. B. FORD,                    [L.S.]
            " W. D. MORRIS, *Security*, [L.S.]"

The complaint alleges the death of said *William H. Garner*, no insurance having been effected upon his life, as provided for in the bond.

A demurrer was filed to the complaint, which was overruled, and the defendants excepted.

The principal objection urged to the complaint is that the bond was executed without a sufficient consideration. We need not decide whether any consideration would be presumed, other than that stated in the condition of the bond, as one of the paragraphs of the answer alleges, that it was executed " in consideration that the plaintiff had agreed that enough of her interest in certain money mentioned in said bond, should be applied to pay a certain debt of the plaintiff, then due and owing from her to the *Ohio Insurance Company*, and the interest thereon, as specified in said bond, and for no other consideration whatever."

To this paragraph of the answer a demurrer was sustained, and exception taken. Issues of fact were formed, and the cause tried by the Court; finding and judgment for the plaintiff.

The defendants appeal and assign several errors ; but we deem it necessary to notice only one point, as that, in our opinion, is decisive of the case. It appears by the record, that the only consideration for the execution of the bond was the agreement by the plaintiff to apply the money to be received by her from the underwriters, on the policy of insurance on the steamboat, to the payment, as specified in the condition of the bond, of her notes, on which the obligors of the bond were indorsers. The question arises, whether this was a sufficient consideration to support the agreement of the defendants.

The case is, briefly, this. The plaintiff owed a certain debt, for which the defendants were liable, as her indorsers. She

had money due her from some insurance companies. She
agreed to apply that money, when received, to the payment
of the debt; in consideration whereof, the defendants agreed
to effect, for her benefit, an insurance on the life of *William
H. Garner*, or pay her two thousand dollars.

What benefit did the defendants receive, or what injury did
the plaintiff sustain, by her promise to apply her money to
the payment of her debt? The debt to which she agreed to
apply the money was her own; and her promise to pay it and
save the indorsers harmless, imposed no greater obligation
upon her than she was legally under without such promise.
This promise, on the part of the plaintiff, being for the per-
formance of nothing more than she was already bound to
perform, seems to us to be insufficient to support the agree-
ment on the part of the defendants.

The consideration, to support the agreement of the defend-
ants, should have been some benefit to them, or some loss,
trouble, inconvenience, or charge, imposed upon the plaintiff.
Now, it was her duty to pay the debt, and her promise to pay
it out of a particular fund, imposed no additional obligation
upon her to pay it. The promise to pay the debt out of the
fund named conferred no benefit upon the defendants, as it
did not operate as an assignment to them of the fund, or give
them the control of it. Had her agreement operated as an
assignment of the fund, a different question would have been
presented. Such, however, is not the case. "In order to con-
stitute an assignment, either in law or equity, there should be
such an actual or constructive appropriation of the subject
matter assigned, as to confer a complete and present right on
the assignee, even where the circumstances do not admit of
its immediate exercise. A covenant, on the part of the
debtor, to apply a particular fund in payment of the debt, as
soon as he receives it, will not operate as an assignment; for
it does not give the covenantee a right to the fund, save
through the medium of the covenantor, and looks to a future
act, on his part, as the means of rendering it effectual; while
the characteristics of an assignment are, the relinquishment
of all legal or equitable interest by the assignor, and the
creation of a new and independent right in the assignee."

Lead. Ca. Eq., vol. 2, pt. 2, p. 233, and authorities there cited.

The promise of the plaintiff to apply the money to the payment of the notes, not only did not give the defendants any right to, or control over, the money, but it gave them no right of action against her in addition to what they already had. They could not sue her upon this promise until they paid the notes or some part thereof; because until then they suffered no damage; and when they had so paid, their right of action became as perfect, without, as with, the promise in question.

For these reasons, we are of opinion that the bond sued upon, was given upon an insufficient consideration and, therefore, that the judgment can not be sustained.

*Per Curiam.*—The judgment is reversed, with costs.

