### HORACE S. WARREN *vs.* AMASA S. HODGE.

Worcester.    October 4, 1876.    COLT & MORTON, JJ., absent.

An agreement to forbear to sue upon a debt already due and payable, on the payment of part of the debt, is without legal consideration, and cannot be availed of by the debtor, either by way of contract or of estoppel.

CONTRACT to recover $184, for work and labor. Writ dated April 12, 1875.

At the trial in the Superior Court, before *Putnam*, J., the defendant contended that the action was prematurely brought, and introduced evidence that, on or about March 17, 1875, being about two months after the plaintiff had left his employ, and after the time when the amount was due, the plaintiff called at his office and demanded the amount due him, and said that, if the defendant would give him $25 on account, he would wait until May 1, for the balance, and he thereupon paid him $25 on account, and the plaintiff then agreed to wait until May 1, 1875, for the balance due him.

The plaintiff asked the judge to rule that an agreement on his part to wait until some future day for his pay (the same being due and payable) would be null and void unless there was some consideration for the promise; and that a payment of $25 by the defendant to him on account (the whole amount being then due) would not constitute a consideration for such an agreement, and that, notwithstanding such an agreement, he could maintain his action brought before the future day. But the

judge declined so to rule, and instructed the jury as follows: " If the jury find that the agreement was, that, if the defendant would pay him $25 on the spot, he would wait for the balance of his pay till a day after the date of the writ, and the defendant made such payment and relied upon that agreement and neglected to pay the plaintiff in consequence, that, whether there was a consideration therefor or not, the action had been prematurely brought, and the plaintiff cannot recover." The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*C. A. Merrill*, for the defendant, being first called upon, cited *Evans* v. *Thomson*, 5 East, 189; *Harris* v. *Brooks*, 21 Pick. 195; *White* v. *Walker*, 31 Ill. 422; *Fleming* v. *Gilbert*, 3 Johns. 528; *Delacroix* v. *Bulkley*, 13 Wend. 71; *Mayor of New York* v. *Butler*, 1 Barb. 325; *Esmond* v. *Van Benschoten*, 12 Barb. 366; *Clark* v. *Dales*, 20 Barb. 42; *Stone* v. *Sprague*, 20 Barb. 509.

*H. C. Hartwell*, for the plaintiff, was not called upon.

BY THE COURT. It is too well settled to require discussion or reference to authorities, that an agreement to forbear to sue upon a debt already due and payable, for no other consideration than the payment of part of the debt, is without legal consideration, and cannot be availed of by the debtor, either by way of contract or of estoppel.

Of the cases cited for the defendant, *Harris* v. *Brooks*, 21 Pick. 195, was a case of a surety, and *Fleming* v. *Gilbert*, 3 Johns. 528, a case of modification by agreement of the way of performing an obligation to discharge a mortgage.

*Exceptions sustained.*