JOHN R. HILLS ET AL., EXECUTORS, *vs.* THE TOWN OF FARMINGTON.

First Judicial District, Hartford, March Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A builder who contracts in writing to erect a building in accordance with the architect's plans and specifications, is not liable for defects in the building which are due to structural faults in the architect's plans, unless made so by the terms of the written agreement; and in the absence of fraud or mistake, evidence that he orally guaranteed the correctness of the plans and the strength and stability of the building, is inadmissible to vary or enlarge his written obligations.

[Argued March 1st—decided March 24th, 1898.]

ACTION to recover a balance due upon a building contract for work and labor and materials furnished, brought to the Superior Court in Hartford County and tried to the court, *Prentice, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

This action was brought to recover the balance due for the construction of a town-hall for the defendant. The hall was partially built by John C. Mead, and was completed by his representatives, the present plaintiffs. It was built in pursuance of a written contract between Mead and the de-

fendant, containing the usual provisions of a building contract. The contract price was $10,500.

The complaint contained two counts : one for balance due on the contract price, and some extra work; and one for balance due on account stated; judgment was rendered on the former count. The answer alleges that Mead had not fulfilled his written contract, and that the building was not finished to the satisfaction of Sturgis & Keister, the architects, as required by the contract. It also contains a counterclaim, alleging that Mead had agreed with the defendant's building committee that if they would award him the contract to build in accordance with the plans and specifications of said architects, at the contract price of $10,500, he would warrant to said committee a properly constructed building ; and that the committee had agreed to pay this extra price, being $2,000 more than the cost of construction, in consideration of the warranty. The plaintiffs replied to this counterclaim by a general denial.

The court found that the building was constructed in strict conformity with the plans and specifications, but that by reason of defects in its roof construction it is an improper and unfit building ; that said defects were due to the faulty structural requirements contained in said plans and specifications, and to the construction of said building in accordance with said plans and specifications, and to no other cause.

Upon the trial the defendant offered evidence to prove the agreement alleged in its counterclaim, which was rejected. The rulings are stated in paragraphs 43 and 44 of the finding, as follows : " 43. Upon the trial the defendant asked Gay, a witness in its behalf, whether the committee had authorized said architects to prepare any other plan for said building than said original plan with stone lower story. To this question the plaintiffs objected, upon the ground that it was immaterial whether such authority had been given by the committee, after such other plan had been made by the architects and embodied in the contract as the plan to be built upon. The objection was sustained and the question excluded. 44. Counsel for the defendant next asked said

witness if the committee had ever employed said architects at all in the matter of the erection of said building. Plaintiffs' counsel objected. Defendant's counsel then said: ' I offer to show that these plans were prepared by Sturgis & Keister upon the request of a private individual, and handed over to this committee, and that this committee never employed these architects and never paid them; that this committee took these plans to Mr. Mead and submitted them to him, and that Mr. Mead, in order to induce this contract, after examining the plans, made such recommendation as he saw fit with regard to changes, one of which was this change from wood to stone—perhaps the only one—and that then, in order to induce this contract for the building and to induce the committee to pay him $10,500 therefor, which was $2,000 more than others would build the building for, Mr. Mead warranted to them that the building put up upon these plans would be all right and satisfactory, and that the plans were all right with that change. I offer to show that agreement as the inducement for this contract, not as disputing this contract, but as a separate and distinct agreement, entirely apart from this contract, and as the contract which induced this one.' After a somewhat extended discussion between counsel and the court as to the relevancy of these matters, during which it was conceded by counsel that all these matters took place before the execution of the contract, and rested wholly in parol, said question and testimony were, upon objection, excluded."

The appeal assigns error in excluding this testimony, and that the facts found do not support the judgment.

*Noble E. Pierce*, for the appellant (defendant).

*Henry C. Robinson* and *John T. Robinson*, for the appellees (plaintiffs).

HAMERSLEY, J. Testimony as to the employment by the defendant of the architects who prepared the plans which were adopted by the defendant and incorporated into the writ-

ten contract made by it with the plaintiffs' intestate, was properly excluded as immaterial, unless it might come in as a part of the testimony supporting the verbal agreement alleged in the counterclaim. We think all this testimony was inadmissible. The parties had deliberately reduced their agreement to writing. There is no question of fraud or mistake. The defendant simply claims to add to the written contract a verbal warranty. It is well settled that a parol warranty cannot be superadded to a written contract of sale. *Dean* v. *Mason*, 4 Conn. 428, 431; *Gilpin* v. *Atwater*, 29 id. 93, 100.

In this respect the contract before us is not distinguishable from a contract of sale. The verbal agreement sought to be proved is an integral element of the negotiations which the parties, upon reaching a final conclusion, put into writing; and is not a separate agreement on a matter consistent with the terms of the written agreement. On the contrary, it contradicts that agreement. The verbal agreement, as alleged in the counterclaim and outlined in the offer of testimony, is that Mead agreed to build with a warranty for $10,500, being $2,000 more than the sum for which other contractors were ready to construct the building, and that the defendant "agreed to pay said extra price therefor, because of his (Mead's) said representations, and in consideration of his said warranty and guaranty." The written agreement details at length the obligations assumed by Mead for the consideration of $10,500, including the promise to finish said building agreeably to the drawings and specifications made by the architects (and annexed to the contract), to the satisfaction and under the direction of the architects, to be testified by a writing under their hands; the guaranty of skillful work and the use of proper materials; but not the warranty of the architect's plan. It also details the covenants on the part of the defendant to pay to Mead at the time and in manner specified the sum of $10,500, "in consideration of the covenants and agreements being strictly performed and kept by the party of the second part (Mead) as specified."

This contract appears to contain the obligations assumed

by Mead in consideration of the receipt of $10,500, and the rights acquired by the defendant in consideration of the payment of that sum. It is presumed to contain the whole of that contract, and cannot be contradicted by parol testimony. *Averill* v. *Sawyer*, 62 Conn. 560, 568; *Caulfield* v. *Hermann*, 64 id. 325, 327. The probability of a town building-committee paying $2,000 to a contractor to warrant the architect's plans for an $8,500 building, is a matter pertinent to the weight of the evidence, but not to its admissibility.

The plaintiffs, by their denial of the counterclaim, put in issue the facts therein alleged; and there may be a question whether they were not estopped from objecting to testimony in support of that issue. This question would not control the ultimate rights of the parties; it was not raised in the court below, and is not specifically assigned in the appeal; and therefore we do not consider it.

Counsel for the defendant claimed in argument that the special facts found by the court, support a conclusion that Mead had by his conduct before and after the execution of the contract, made himself liable for the incapacity of the architects. There is no occasion to detail these facts; indeed the counsel urges them mainly in connection with the excluded evidence. It is quite clear that the committee had much too great confidence in Mr. Mead; but it is equally clear that he did not assume the liability claimed. The judgment of the court is the legal conclusion from the facts found.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.