Collins *v*. Tillou.

———————◆◆◆———————

## OZRO COLLINS *vs.* JOHN TILLOU'S ADMINISTRATOR.

The purpose of an ordinary deed of land is not to state the terms of the contract in pursuance of which the land is conveyed, but to pass the title ; and notwithstanding the formal statement of consideration, and of the receipt thereof, contained in the deed, the grantor is at liberty to prove by parol evidence the real contract in pursuance of which the deed was given.

Therefore where it was agreed between A and B, that the latter, as the agent of A, should sell certain land of A and account to him for the avails of the sale ; and A, in order to enable B the more readily to sell the land, conveyed it to him by a warranty deed, absolute in form and containing the usual formal statements of consideration and of receipt thereof by the grantor, together with the usual covenants, and B in fact paid no consideration for the land but received the conveyance as the agent of A ; and B afterwards sold the land and received the avails thereof, but neglected to account therefor to A ; in an action brought afterwards by A against B to recover the avails of the sale, it was held that A was not prevented, by the effect of the deed or by the statute of frauds, from proving the foregoing facts by parol evidence, and that upon such proof of them he was entitled to recover.

An agent who has undertaken to make a sale of property for his principal and has actually received the avails of the sale, is estopped, in an action brought against him by the principal to recover the avails of the sale, from denying the validity of the title held by the principal at the time of the sale.

Commissioners on insolvent estates, in allowing or rejecting claims, act not only as courts of law but also as courts of equity.

APPEAL from the report of commissioners on the insolvent estate of John Tillou, disallowing the claim of the appellant.

Ozro Collins, the appellant, in 1837 became the owner of one-fourth part of forty acres of land at Chicago, in the state of Illinois, which land, by virtue of proceedings commenced

in 1841, and consummated in March, 1844, was sold, for the
non-payment of taxes, to one Stephen F. Gale, who subse-
quently conveyed the same to James H. Rees. The property
was never redeemed after the sale. In 1842, Collins, who
had failed in business and was largely indebted, applied for
the benefit of the then existing bankrupt law of the United
States, and assigned all his estate to his assignee in bank-
ruptcy ; but no notice was taken of this property in his
inventory. After he had obtained his discharge in 1848, he
was informed that many of the tax titles in Illinois were
invalid and was advised to investigate the proceedings under
which his Chicago property had been sold. John Tillou, in
the settlement of whose estate the present appeal was taken,
was at that time a neighbor of Collins, and was engaged in
business which made it necessary for him to visit Chicago;
and it was arranged between him and Collins that he, Tillou,
should make inquiry in respect to the Chicago property, and
that if it was found that anything could be obtained for any
interest which Collins might have in it, or for any claim
which he might make to it, Tillou should act as his general
agent in making sale of any such interest and in compro-
mising any such claim, on such terms as he, Tillou, should
judge expedient, and that if he was able to obtain anything
therefor, he was to account for the avails to Collins. In
order to enable Tillou the more conveniently to negotiate
with other claimants of the property and to sell and convey
the same, the parties considered it important that he should
have an absolute deed from Collins and his wife, so that he
should appear to have the absolute control of the property ;
and, on the 2nd of December, 1848, Collins and his wife
executed and delivered to Tillou a warranty deed of the
property, which was afterwards duly recorded in Illinois.
The deed was in the common form of the warranty deeds
generally used in this state, containing the usual covenants
and stating the consideration as " a valuable sum in dollars
and other considerations received to our full satisfaction of
John Tillou." It was acknowledged in the form recuired by
the laws of Illinois. Tillou paid nothing for the deed, but

received it entirely as the agent of Collins. He afterwards went to Chicago and claimed the land of Rees, who then held the tax title, and finally compromised with him by giving him a quitclaim deed of all his, Tillou's, interest in the land except four and a half acres, receiving from Rees therefor $192 in cash and a quitclaim deed of the four and a half acres. Afterwards, on the 2nd of July, 1852, Tillou sold and conveyed to one Throop the four and a half acres, by warranty deed, for $5000, which sum, with the interest thereon, was subsequently paid to Tillou, but no part of which, nor of the $192, was ever paid over to Collins.

The facts above stated, except so far as they were found upon the written documents referred to, were found upon parol testimony. The appellees objected to all the parol evidence in the case, and especially to any parol evidence to prove that the deed by Collins and his wife to Tillou was executed and delivered in pursuance of an oral agreement, by the terms of which Tillou was to hold the land as the agent of Collins, and to sell or compromise the claims of Collins thereto at his discretion, but for the benefit of Collins, and that the deed was made absolute in form for the convenience of Tillou in the business of such agency. But the court overruled the objection and admitted the evidence.

Upon the foregoing facts, the court found that the amount so received by Tillou was, after deducting a reasonable sum therefrom for his compensation, justly due, with interest thereon, from his estate to Collins, and rendered judgment in favor of Collins for such sum, after deducting the amount of a note owed by Collins to the estate of Tillou. Thereupon the appellees filed their motion in error, specially assigning, for cause, the admission of the parol evidence objected to.

*Baldwin* and *Ives* for the appellees.

1. From the facts found in this case the plaintiff has no right to recover. 1st. The deed from Collins and wife to John Tillou was executed on the 2nd day of December, 1848. By proceedings commenced in April, 1841, and con-

summated in March, 1844, the land which Collins claimed to have conveyed to Tillou was sold for taxes.   Collins, on this account, had no title, and his deed to Tillou was worthless. 2nd.  In 1842 Collins assigned, for the benefit of his creditors, all his estate, under the bankrupt law of the United States.  By that assignment all the title which he then had to this Chicago land became vested in his assignee in bankruptcy, where it ever since to this time has remained; and on this account, as he really conveyed nothing to Tillou, he is entitled to nothing from Tillou's estate.   3d.  The only title which Tillou ever had to the land, he derived from Rees, the owner of the tax title; and to this Collins had no claim. 4th.  John Tillou sold this land and secured the title to the purchaser by personal covenants of warranty and seizin. For the reasons already given the purchaser derived no title by this conveyance through Collins.   So far as the purchaser relied upon the deed from Collins he was deceived, and can recover back his money from Tillou's estate.   Tillou's estate may thus be compelled to pay the money twice.

2.   The court erred in admitting parol testimony to prove that the deed from Collins and wife was in fact different from what it purports to be upon its face.   In no case, either at law or in equity, in the absence of fraud, accident, mistake, or ambiguity, is parol evidence admissible to vary or contradict the terms of a deed.   No principle is more firmly established than this.   And yet it is only by overriding this principle that the judgment in this case can be sustained.— *Skinner* v. *Hendrick*, 1 Root, 253.   *Dean* v. *Dean*, 6 Conn., 285.   *Reading* v. *Weston*, 8 id., 117.   *Benton* v. *Jones*, id., 186.   *Flint* v. *Sheldon*, 13 Mass., 443.   *Child* v. *Wells*, 13 Pick., 121.   *Vermont Central R. R.* v. *Hills*, 23 Verm., 681. *Rathburn* v. *Rathburn*, 6 Barb., 98.   *Taylor* v. *Baldwin*, 10 id., 582.  1 Greenl. Ev., § 275, 305.  1 Sw. Dig., 180.  2 id., 95.   In the Collins deed, Collins declares that he makes the transfer "*for the consideration of a valuable sum in dollars and other considerations received to his full satisfaction,*" but upon the trial Collins was allowed to show, by parol, that either there was no consideration or the consideration

was entirely different from that alleged in the deed. He avers in his deed that he has *bargained and sold* the land to Tillou; but he was permitted to prove, by parol, that he did not bargain and sell it at all, and that he, by his deed, only constituted Tillou his agent to sell the land. In the deed he affirms that he has conveyed the land to Tillou for Tillou's "use and behoof;" but he was permitted to show, by parol, that he conveyed it to Tillou for his, Collins', own use and behoof. By his deed he covenanted to "*warrant and defend*" the land to Tillou, "*against all claims and demands whatsoever ;*" but the court allowed him to make claim to the land himself, upon mere parol testimony. The cases relied upon by the plaintiff's counsel differ essentially from this. In none of them is the grantor allowed to prove by parol that he did not give his deed for the uses and purposes therein expressed. He is never allowed, as in this case, to create or prove a trust by parol, and especially against the express language of his own deed.

*Blackman* for the appellant.

1. In this case the plaintiff seeks to recover a balance due him from the avails of a sale of real estate, negotiated by the defendant as his agent, under an absolute deed delivered to the defendant by the plaintiff for that purpose. Collins, having a claim upon the land, constituted Tillou his agent to dispose of it. Tillou accepted the agency and agreed to account for the avails. Having sold the land and received the avails, he should be held liable to account for them according to his agreement. *Cady* v. *Cadwell*, 5 Day, 67. *Crocker* v. *Higgins*, 7 Conn., 342. *Baxter* v. *Gay*, 14 id., 119. *Church* v. *Sterling*, 16 id., 388.

2. The parol evidence objected to was properly admitted by the court. 1st. It was not offered or admitted to contradict the deed or to create a trust, but to prove the nature and extent of Tillou's agency ; and this might properly be proved by parol evidence. Story on Agency, Secs. 45,–56. 2nd. The agency of Tillou being clearly proved, the negotiations under it, and the reception of the money,—his liabil-

ity does not arise from any *parol reservation* in the deed of Collins, but from his admitted *acts* under the deed, as it was delivered, and his receipt of the money under a promise to account for the same. If Tillou had received no money or other valuable thing from the negotiation, there would have been no liability. Thus the evidence does not contradict the deed, but affirms it.

3. Tillou having accepted the agency, and having received $5,192 as the avails of the property, can not interpose the doubtful title of the tax deed, which was negotiated by reconveying four and a half acres and the payment of $192, or of the assignee in bankruptcy, which was dependent upon the title of Collins. Tillou is estopped from asserting defective title as a reason for not accounting for the avails which he actually realized and promised to pay. Story on Agency, Sec. 217.

ELLSWORTH, J. If the appellant, Ozro Collins, is entitled to recover from the estate of John Tillou, either in law or equity, the judgment of the superior court is correct; for the commissioners on insolvent estates are, in adjudicating upon claims, clothed with the powers of both courts.

We do not attach any force to the objection that Collins might not have had a perfect title to the land which Tillou sold for him. It does not lie with Tillou to deny the title of his principal. He was willing to accept the agency and sell the land; and now for the agent to retain the money on such ground is unconscionable and in violation of long established principles of law.

The principal question is, whether parol evidence is admissible to prove the contract claimed to have been made between Collins and Tillou, and to show that the transfer of the land to the latter was made to enable him the better to sell and give the title. It is said, first, that such evidence is contrary to the statute of frauds, and secondly, that it contradicts the deed of conveyance from Collins to Tillou.

We think there is no force in either of these objections. As to the first, we might hold that there had been a part exe-

cution of the contract, which would take it out of the statute; and so, too, that where land is sold and conveyed, and nothing remains to be done but for the grantee to pay the money, assumpsit will lie without written evidence, as upon an implied contract. And so upon the express promise, as held in New York, Massachusetts and Vermont. See *Hodges* v. *Green*, 28 Verm., 358, and cases there cited. But the main stress has been laid on the second objection. And here the error of Tillou's counsel is, that they suppose the contract in dispute to be the contract of sale in the *deed*, while it is not so. The contract in dispute was made *before* the deed, and not in it or by it. The deed only follows up the contract by carrying it into execution, and is both subsequent to and in pursuance of it. It is absolute in its form and effect, because it was intended to be so, and could not be otherwise. All that it expresses about the grant being to the use of the grantee, is only a part of the formal title. It has repeatedly been held that a bill of sale of goods is the vendor's execution of the executory contract of sale, the language of the vendor, not of the vendee. The terms of payment, the counterpart of the sale, are not usually, nor of necessity, a part of the bill of sale. The same is true of a deed of land ; it is not the language of the grantee but of the grantor. This is the doctrine of *Belden* v. *Seymour*, 8 Conn., 304, *Clapp* v. *Turrell*, 20 Pick., 247, *Grunvault* v. *Davis*, 4 Hill, 643, and *Linsley* v. *Lovely*, 26 Verm., 123. The last is a well considered and pertinent case. This is the language of the court : " The purpose for which a deed is made is not to state the contract between the parties in regard to the terms of the purchase, but to *pass the title* to the land. The deed is not, strictly speaking, an agreement between the grantor and grantee. It is executed by the grantor alone, and is a declaration by him, addressed to all mankind, informing them that he conveys thereby to the grantee the land therein described. The object is to pass the title, not to describe the terms upon which the land had been sold, and the mode in which payment was to be made." Vide *Beach* v. *Packard*, 10 Verm., 96 ; and *Lazell* v. *Lazell*, 12 id., 443.

Collins *v.* Tillou.

The consideration stated in the deed is not conclusive, nor the acknowledgment that it is received.    Its entire language is, as we have said, the language of the grantor,— his execution of his prior agreement.    *Linsley* v. *Lovely*, supra.  1 Greenl. Ev., § 286.  A bill of sale, then, or an absolute grant of land, leaves the promise of the vendee or grantee to be proved by parol as best it can, and such proof is not inconsistent with the instrument because it is absolute in form.    Were the enquiry this, what is the contract *in the deed*, as, how many acres are conveyed by it, or what is the nature of the estate, the deed would be conclusive, but quite otherwise when it is not so.

.  Further, if a person makes a fraudulent use of a deed or other instrument received by him in trust, or for some specific purpose, a court of equity will grant relief on the ground of mistake or fraud.    *Crocker* v. *Higgins*, 7 Conn., 342.    There the grantee took the absolute interest in the estate under a parol promise to grant a life estate to the grantee's mother. The grantee, having received his deed, refused to grant the life estate.    The court compelled him to do it.    In *Morris* v. *Nixon*, 1 How., 118, the court held a deed, absolute on its face, to be a security for a loan of money ; which case belongs to a class of cases in the English and American reports, in which the principle is settled, that a person shall not make a fraudulent use of an instrument that is absolute in form, when it was designed for a security only.    *Parsons* v. *Camp*, 11 Conn., 528.  1 Greenl. Ev., § 286.    We regard parol evidence as clearly admissible to show the circumstances under which a contract was made, and the relation of the plaintiffs and defendants to it, and to each other in respect to it.

There is no error in the judgment of the superior court.

In this opinion the other judges concurred.

Judgment affirmed.