WILLIAM R. FOUNTAIN *vs.* HENRY WHELPLEY.

Washington.    Opinion February 16, 1885.

*Estoppel.    Officer.*

In an action against an attaching officer, it appeared, that on the day of the attachment, the plaintiff, being asked by the attorney who made the original writ, and by the defendant, who owned the property, answered that R owned it and had a bill of sale of it. He was not informed before he made the answer that any demand existed against R, or that the attorney or officer had any intention of attaching it as the property of R. On receiving plaintiff's answer the officer informed him that he attached the property on a writ against R, and within ten minutes thereafter the plaintiff notified the officer of his title, demanded the property and attempted to take it, but was prevented by the officer. *Held*, that the plaintiff was not estopped from showing the title in himself.

ON REPORT.

Trespass against a deputy sheriff for taking and carrying away plaintiff's boat, September 30, 1882. The writ was dated October 21, 1882. The plea was general issue, and brief statement alleging that the boat was attached and held by the defendant on a writ against Thomas Richardson of Deer Island, N. B. and was the property of Richardson.

The opinion states the facts.

*Bates and French*, for the plaintiff, cited: 4 Mass. 108; 9 Pick. 527; 4 Mass. 273; 4 Met. 381; *Stanwood* v. *McLellan*, 48 Maine, 275; *Hunter* v. *Heath*, 67 Maine, 507.

*A. McNichol*, for the defendant.

The plaintiff led the plaintiff in the original suit to commence proceedings, and led the officer to make the attachment. He

ought not to be allowed to allege his own wrongs, if they were such, and come into court with unclean hands and succeed, when such wrong operates to the injury of others. *Piper* v. *Gilman*, 49 Maine, 149; *Chase* v. *Deming*, 48 N. H. 274; *Stanwood* v. *McLellan*, 48 Maine, 275.

LIBBEY, J. This case comes before this court on a report of the evidence. From the report we find the facts material to the determination of the case as follows: September 13, 1882, the plaintiff was the owner of the boat in suit. He bought her of Thos. Richardson about two years before, paying a part of the price agreed, and gave Richardson a bill of sale of the boat to secure the payment of the balance, which had been fully paid prior to September 13, but the bill of sale had not been given up by Richardson. And that day the attorney for the attaching creditor asked the plaintiff who owned the boat, and he told him Thomas Richardson owned her, had a bill of sale of her. The attorney told him he had no demand against him, but did not tell him he held a demand against Richardson, and gave him no intimation that he intended to attach her as Richardson's. On the same day the attorney made the writ on which the boat was attached, and gave it to the defendant for service. The defendant went with it to the wharf where the boat lay and there found the plaintiff, and asked him who owned the boat, and he gave him the same answer which he gave the attorney. The question and answer were repeated. The defendant then informed the plaintiff that he attached her on a writ against Richardson, and on request of the plaintiff exhibited to him the writ. The plaintiff left the wharf, but within ten minutes returned, before the defendant had taken *actual* possession of the boat, and informed the plaintiff of his title, demanded the boat and attempted to move her, but was prevented from doing so, by the defendant. The defendant gave the plaintiff no intimation that he intended to attach the boat till after his declarations that she was the property of Richardson.

The only question is whether the plaintiff is estopped from denying Richardson's title and asserting his own. We think it clear that he is not. The case of *Morton, Exc.* v. *Hodgdon*, 32

Maine, 127, is precisely in point. The facts in that case were quite as strongly against the plaintiff as in this. In discussing the point involved WELLS, J., says : "But before one can be conclusively bound by a declaration made in relation to his interest in property, such declaration must be designed to influence the conduct of the person to whom it is addressed, and must have that effect. Morton had no knowledge of any intention on the part of Jenness or his attorney to attach the oxen as the property of Clark, and could not therefore have designed to influence him in that respect. If it had been communicated to him he might have then stated the existence of the mortgage, and the particular provisions of it. There could have been no wilful purpose to mislead Jenness, or his attorney, for he did not know that Jenness had any demand against Clark, nor that Jenness needed, or had any occasion for information on the subject."

So here, the plaintiff had no knowledge that the attorney had a demand against Richardson, or that there was any intention on the part of the attorney or the defendant to attach the boat as his when he made the declarations. Up to that time it did not appear that they had any interest in knowing the truth about the title, and the plaintiff owed them no duty to state it. Within a reasonable time after he was informed of the purpose to attach the boat as the property of Richardson, he did inform the defendant of the true state of the title and demanded her. This was all the law required of him. *Piper* v. *Gilmore*, 49 Maine, 149 ; *Sullivan* v. *Park*, 33 Maine, 438 ; *Allum* v. *Perry*, 68 Maine, 232 ; *Pierce* v. *Andrews*, 6 Cush. 4.

The value of the boat when taken by the defendant is variously estimated by the witness from two hundred and twenty-five dollars to one hundred and twenty-five dollars. She was sold in the fall after she was attached for one hundred and twenty-five dollars. Upon the whole, we think a fair estimate of the damages is one hundred and seventy-five dollars.

> *Judgment for the plaintiff for one hundred*
> *and seventy-five dollars damages.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.