ASBESTOS PRODUCTS CORPORATION *vs.* L. V. MATSON.

Third Judicial District, New Haven, January Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Parol evidence is admissible to supplement a writing which indicates upon its face that it does not set forth the full and complete agreement of the parties.

Whether parties intended to embody their entire oral agreement, or only a part of it, in a writing, is a question for the trial court to determine from the written words used, the conduct of the parties, and all the surrounding circumstances.

In the present case it clearly appeared from the language of the writing, that the actual agreement of the parties was something more than a mere order for merchandise, as the plaintiff contended, and that there was some understanding respecting the appointment by the plaintiff of the buyer as an "exclusive dealer" representing the plaintiff and entitling him, as such representative, to "samples and circulars." *Held* that under these circumstances parol evidence was admissible to show the entire agreement between the parties.

Having fully and correctly charged the jury as to the burden of proof respecting the complaint and the counterclaim, the trial judge inadvertently added a statement the meaning of which was not clear. *Held* that taking the entire instruction upon the subject of the burden of proof, it was reasonably certain that the jury

could not have been misled into thinking that the plaintiff had the burden of disproving the allegations of the counterclaim.

Argued January 19th—decided April 19th, 1922.

ACTION to recover for merchandise sold and delivered upon two written orders, brought to the District Court of Waterbury and tried to the jury before *Peasley, J.;* verdict and judgment for the defendant to recover $150 on his counterclaim, and appeal by the plaintiff. *No error.*

The first of the two written orders reads as follows:—

"EXHIBIT A.

Salesman's No .......... Date Sept. 28, 1920
                Asbestos Products Corporation

Executive Offices 1328 Broadway, New York
Ship soon as possible—at once—
      "Ship samples and circulars.      Exclusive dealer.

3½ barrels
12 x 5 gall
30-one gall      Blk      4 brushes      at $2.00 per gal.
four barrels

Charge      L. V. Matson & Son      Naugatuck, Conn.

"The above prices are F.O.B. factory.  Terms 30 days net or 2% cash discount if paid within ten days.

"Not subject to countermand except by mutual consent in writing on this order.  No condition of sale, guarantee or agreement other than specified hereon. This order is not sold on consignment.

Buyer's signature, L. V. Matson.
Shipping town, Naugatuck.
Street Address............P. O. Address, Naugatuck,
Kind of business, Lumber.      County, New Haven,
                                    State, Conn.

Daniel Raphael, Salesman."

The complaint alleges acceptance of the orders, shipment by the plaintiff, and payment by the defendant of $480 on account, leaving $600 due. The answer admits all the allegations of the complaint, but alleges the defendant's signature to the orders was procured by the promise that the plaintiff would make the defendant its general agent and storehouse keeper at Naugatuck, and would sell and assist the defendant in selling the goods described in the orders, and others to be ordered, by its traveling salesman and by the distribution of circulars and announcements, so that the defendant should have a profit of 50 cents a gallon; that the plaintiff did assist the defendant in selling 150 gallons and the defendant received therefor $2.50 per gallon, and the defendant himself used 90 gallons, and paid the plaintiff for these 240 gallons the sum of $480 mentioned in the complaint; and that the plaintiff neglects and refuses to sell to its agents any more of the goods or to carry out any of its other agreements, whereby the goods described in the orders, except the 240 gallons above mentioned, became and are worthless. The same matters are set forth by way of counterclaim, and defendant claims $750 damages to be applied in extinguishment of the balance of $600, and judgment for any balance found due.

On the trial the plaintiff objected to the parol evidence of the collateral agreement alleged in the answer and counterclaim, but the court admitted the same and the plaintiff duly excepted. The plaintiff also excepted to the charge of the court that the jury might, if they found the plaintiff made the promises claimed and failed to carry them out, and if they found the defendant was thereby damaged to the extent claimed, render a verdict for the defendant to recover $150 on the counterclaim. Error is also assigned in charging the jury upon the burden of proof.

The jury found for the defendant to recover $150 damages.

*Charles E. Hart, Jr.,* for the appellant (plaintiff).

*Charles G. Root,* for the appellee (defendant).

BEACH, J. The printed order-forms on which the action is based, contain the words: "No condition of sale, guarantee or agreement other than specified hereon." If these forms, when filled out, had contained nothing more than the written specifications of orders for merchandise, no parol testimony of the collateral agreement would have been admissible, because each of the writings would then have contained on its face the declaration of both parties that the instrument was a complete record of the agreement actually made. When, however, the parties wrote into the first of these order-forms the words, "ship samples and circulars, exclusive dealer," they put into the writing an incomplete specification of some other agreement concerning samples, circulars and exclusive dealer. It does not appear on the face of the writing whether the words "exclusive dealer " refer to a naked appointment as such for an unspecified territory, or to an appointment under some agreement involving other unspecified terms. It does, however, appear that the parties have taken care to note the fact of such an appointment on the order, and it also appears that they have intentionally left the record incomplete in respect of the terms on which the appointment was to be exercised. That being so, the writing is on its face an incomplete record of the whole agreement, and the omitted portion may therefore be supplied by parol.

The rule excluding parol evidence does not apply in cases where the original contract was verbal and entire and a part only of it is reduced to writing. 1 Green-

leaf on Ev. § 284a. In *Brosty* v. *Thompson,* 79 Conn. 133, 136, 64 Atl. 1, we said: "Whether the parties intended the writing to embody their entire oral agreement or only a part of it, was a question for the trial court, to be determined from the conduct and language of the parties and the surrounding circumstances. . . . Where the parties do not intend to embody their entire oral agreement in the writing, the rule invoked by the plaintiffs does not apply."

"The sole claim is that the rule of exclusion has no application in cases where the writing is not the contract itself, but only an instrument given in part execution of such contract. *Collins* v. *Tillou,* 26 Conn. 368; *Hall* v. *Solomon,* 61 Conn. 476, 482, 23 Atl. 876; *Averill* v. *Sawyer,* 62 Conn. 560, 27 Atl. 73. It is said, and the cases cited abundantly support the assertion, that where this is the case the parol contract may itself be proved." *Caulfield* v. *Hermann,* 64 Conn. 325, 327, 30 Atl. 52.

It follows that the court did not err in admitting parol proof of the agreement alleged in the answer and counterclaim, and did not err in charging the jury that if they found all the facts as the defendant claimed them to be, they might render a verdict for the defendant on the counterclaim.

At the beginning of its charge the trial court clearly and accurately instructed the jury as to the burden of proof devolving upon the plaintiff and upon the defendant, saying: "The rule of evidence in civil cases is that the plaintiff, to recover, must prove his case by a fair preponderance of the evidence. Unless the evidence of the plaintiff in this case fairly preponderates in weight over that of the defendant, the verdict should be for the defendant. The allegations, however, of the plaintiff's complaint are admitted, so that in opening the plaintiff is relieved from that burden of proof. And

as to the burden, in considering the defendant's counter-claim, if the defendant is to recover upon his counter-claim, he likewise assumes the same burden of proving his case by a fair preponderance of the evidence, and if the defendant should fail to prove the allegations of his counterclaim by a fair preponderance of the evidence, you would be unable to find for him, and the plaintiff's case having been admitted by the defendant, your verdict should be for the plaintiff."

Immediately following this unexceptionable instruction, the trial court inadvertently added this instruction: "Upon the whole case as it finally comes to you, the plaintiff cannot recover unless in considering both of their cases with reference to the rule of damages in each case, the plaintiff fairly sustains the burden of proof." Even if this expression meant that the burden of disproving the counterclaim was on the plaintiff, we think the jury must have gathered from the entire instruction upon the subject of the burden of proof, that the plaintiff must prove the allegations of its complaint, but that its burden had been met by the defendant's admitting all of its allegations, and that the defendant must assume the burden of proving the allegations of his counterclaim. *Murray* v. *Supreme Lodge,* 74 Conn. 715, 719, 52 Atl. 722; *Wetherell* v. *Hollister,* 73 Conn. 622, 626, 48 Atl. 826.

This conclusion is that which the average juror would draw from such an instruction. The contested issue in the case concerned defendant's counterclaim. The jury found that issue for the defendant, and we cannot believe that the jury's decision was influenced unfavorably to the plaintiff by the last portion of the trial court's charge upon the subject of the burden of proof.

There is no error.

In this opinion the other judges concurred.