## JOSEPH READER *vs.* NATHAN GROSSMAN.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., CURTIS, BURPEE, KEELER and WEBB, Js.

It is within the exclusive discretion of the judge of a City Court, under General Statutes, § 5549, to determine whether a competent stenographer shall be called in to take the testimony in a given case before it; and therefore no claim of error can be predicated upon his refusal to call in such stenographer.

The rule that all prior oral negotiations are merged in the writing afterward signed by the parties, does not apply if they did not intend to embody their entire oral agreement in such instrument; and whether they did so intend or not, is a question of fact for the determination of the trial court, in aid of which any relevant evidence is admissible, including the language and conduct of the parties and all the surrounding circumstances.

Argued October 25th—decided December 11th, 1922.

ACTION to recover a balance of $72 alleged to be due for work done and materials furnished under a building contract, brought to and tried by the City Court of Meriden, *Dunne, J.*; facts found and judgment rendered for the plaintiff for $9, and appeal by the defendant. *Error and new trial ordered.*

*Lewis J. Somers,* for the appellant (defendant).

*Cornelius J. Danaher,* for the appellee (plaintiff).

CURTIS, J.   Under General Statutes, § 5549, the matter of calling in a competent stenographer to take the testimony in a trial in a City Court, is a matter exclusively within the discretion of the judge of the court; hence no claim of error can be predicated upon his refusal to do so.

The bill of particulars filed by the plaintiff under the common counts was as follows:—

### Bill of Particulars.

| | |
|---|---|
| Contract to build store at 300 Center Street, and front and back steps | $460.00 |
| Extra work—new railing and post | 12.00 |
| | $472.00 |

### Credit

| | |
|---|---|
| By cash | 400.00 |
| Balance | $ 72.00 |

In the answer the defendant alleged, in effect, that the plaintiff and defendant entered into a contract which was only partly reduced to writing, whereby the plaintiff agreed to build a store for the defendant for a certain price; that certain particulars were agreed upon and not reduced to writing, which the plaintiff failed to perform; and in his counterclaim the defendant claimed damages for such failure.

In presenting his evidence the defendant introduced, as the part of the contract reduced to writing which he alleged had been made by him and the plaintiff, a paper signed by the plaintiff, a copy of which is printed in the foot-note.

The defendant then desired to introduce parol evidence tending to show that the original contract was oral and entire, and that only a part of it was reduced

---

Exhibit A.

Nov. 5, 1919.

I Agree To Build Store on Center Str #300 for Mr. Grossman Zize 11 x 14 Mor or Les Brickwalls Front To be with plat Glass Rof to Be 2 ply paper Flour To Goes 2 x 6 a new Step in Front and new Step in Rear Open Step Old Front Door To be ussed with New Luck 2 plat Form in The window window Slidet with Glass Furnished by Thay owner Newpar in Stour To bee Slidet 5/8 or 7/8 Sliding Amount For The Job is $650. Six hundred and Sixty Dollars To Be paid When The Foundation is completed end Thay Ballance when Thay Job is Completed Glas To be with iron Cornez J. Reader.

to writing; and also to cross-examine the plaintiff to the same end. The trial court, upon the introduction of Exhibit A, took the position, and ruled thereafter in accord with such position, that when Exhibit A appeared in evidence, no parol evidence could then be received tending to show that Exhibit A was not the entire agreement between the parties, and that additional terms not reduced to writing were included in an oral agreement to build a store before any part of it was reduced to writing, and that the parties did not intend to embody their entire oral agreement in the writing.

Exhibit A, recited above, is not of such character, or in such terms, as by its own force to preclude the possibility that the parties did not intend to embody their entire oral agreement in it; on the contrary, its terms tend to support the opposite contention. We recently held in *Asbestos Products Corporation* v. *Matson*, 97 Conn. 381, 384, 116 Atl. 680, that "the rule excluding parol evidence does not apply in cases where the original contract was verbal and entire and a part only of it is reduced to writing." "Whether the parties intended the writing to embody their entire oral agreement or only a part of it, was a question for the trial court, to be determined from the conduct and language of the parties and the surrounding circumstances." *Brosty* v. *Thompson*, 79 Conn. 133, 136, 64 Atl. 1; and cases cited; 1 Greenleaf on Evidence, § 284a. The court should have permitted the defendant to introduce parol evidence of the surrounding circumstances, conduct of the parties, and their language as to the terms of their agreement in the oral negotiations preceding the execution of Exhibit A, in order that the trial court might determine whether the parties intended Exhibit A to embody their entire oral agreement or only a part of it; and should also have permitted the cross-

examination of the plaintiff as to the same matters.

The court erred in excluding such parol evidence and such cross-examination.

There is error and a new trial is ordered.

In this opinion the other judges concurred.