### JOSEPH FERNANDEZ *vs.* IRA M. THOMPSON

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

An assignment of error relating to the admission of evidence is not properly made, where it does not appear from the finding that the answer to the question objected to was responsive, or harmful to the appellant.

Parol evidence is admissible to supplement a writing which indicates upon its face that it does not set forth the full and complete agreement of the parties; and such evidence is likewise admissible to prove that a writing was not intended by the parties to embody their entire agreement.

The written evidence of the agreement of the parties in the present case consisted of a memorandum which provided that the plaintiff was to deliver his automobile, valued at $300, to the defendant, and was to receive in exchange an automobile "with all the parts except the top," valued at $650, and that the difference in value was to be paid by the plaintiff in certain instalments. The plaintiff also made to the order of the defendant a promissory note for $300, which recited that it was given as security for the payment of the purchase price of the defendant's car. *Held* that these instruments obviously failed to state the full details of the transaction, and that parol evidence was admissible to supply the omissions.

A claim that the pleadings do not support the judgment rendered should be raised by an assignment of error based upon the refusal of the trial court to charge as requested upon that point, or upon the charge as given, or upon exceptions to the admission of evidence.

In an action to recover damages for breach of a contract for the exchange of properties, the measure of the plaintiff's damages is the difference in value between the properties to be exchanged, provided the contract is wholly executory; but if the plaintiff has fully performed his part of the bargain, the measure is the value of the property to be paid or given by the defendant; or, if the plaintiff has performed only in part, and has been prevented by the defendant's breach from carrying out the balance of his obligation, then he is entitled to recover the value of the property to be paid or given by the defendant less the value of the undelivered portion of the property to be paid or given by himself.

In the present case, the defendant breached his obligation to deliver his automobile to the plaintiff, after the latter had performed his part of the contract to the extent of transferring his car to the defendant and paying him all but $40 of the $350 cash balance. The trial court instructed the jury that the plaintiff was entitled to recover the value of the defendant's car at the time and place it was to be delivered in accordance with the terms of the agreement. *Held* that the trial court erred, since the defendant was entitled to a deduction from such value of the $40 unpaid by the plaintiff.

Argued January 22d—decided April 8th, 1926.

ACTION to recover damages for the alleged breach by the defendant of a contract for the exchange of automobiles, brought to the Court of Common Pleas for New Haven County and tried to the jury before *Booth, J.;* verdict and judgment for the plaintiff for $776, and appeal by the defendant. *Error and new trial ordered nisi.*

*Robert L. Munger,* with whom, on the brief, was *Frederick W. Holden,* for the appellant (defendant).

*Alfonse C. Fasano,* with whom was *Anthony E. Corsello,* for the appellee (plaintiff).

WHEELER, C. J. Aside from the charge upon the question of damages, the chief contention of the appellant is in the admission of parol evidence extending the scope of exhibits A and B, which defendant claimed contained the entire agreement of the parties. The question is not properly raised in the statement of the ruling upon this point, since it does not appear from it that the answer to the question ruled upon was responsive, or harmful to defendant. Disregarding this technical but entirely conclusive answer to this reason of appeal, we find the trial court was, upon the merits, correct in its ruling. The parties were at issue as to the terms of the agreement they had en-

tered into for the exchange of property. The plaintiff claimed that the agreement was either a parol one, or one partially parol and partially written as in exhibits A and B. The defendant claimed that the agreement was wholly written as contained in exhibits A and B. The defendant objected to the introduction of parol evidence to extend the terms of these exhibits.

Exhibit A was in these terms:

"June 7, 1919.

1 D-6-45 Buick known as the Drago car, with all the parts except the top, and am taking in exchange 1 Buick known as the Red Devil,

| | |
|---|---|
| 1910 Mod. ........................... | $650.00 |
| Credit by old car .................... | 300.00 |
| Balance ....................... | $350.00 |

I am to pay $100 cash Saturday, June 7th, and balance in monthly payments of $30 on the first of each month.

$300.                          Jose Fernandez."

I. M. Thompson.


Exhibit B was in these terms:

"I. M. Thompson

Livery, Sale and Exchange Stables

70 Elizabeth St.                          Derby, Conn.

$300.⁰⁰/100.              Derby, Conn., June 7, 1919.

Four months, after date I promise to pay to the order of I. M. Thompson, at The Birmingham National Bank, Derby, Conn., three hundred 00/100 dollars, value received, with interest.  Int.

[This note is given to secure the payment of the purchase price of property this day sold and delivered to me by said I. M. Thompson and in consideration of

such sale and delivery, and to obtain the same, I do hereby warrant and represent that I am now solvent and the owner of real and personal property now in my possession. The title to the 1 D-6-45 Buick this day received of said Thompson to remain in said Thompson until this note is fully paid.]
F 337085.                    Jose Fernandez."

These exhibits manifestly fail to state the complete contract of the parties. How many and what parts were included under "all the parts," and were they to be used or new parts, and what was included under "except the top," were all necessary terms to make a complete contract. If the inference could be drawn from these exhibits that the automobile of defendant was disassembled, it would be necessary to know how and by whom the parts were to be assembled. Without pursuing further the analysis of these exhibits, it sufficiently appears that they do not represent the complete contract of the parties. "Parol evidence is admissible to supplement a writing which indicates on its face that it does not set forth the full and complete agreement of the parties." *Asbestos Products Corporation* v. *Matson,* 97 Conn. 381, 116 Atl. 680; *Reader* v. *Grossman,* 98 Conn. 283, 119 Atl. 52. Further, the parol evidence was admissible as tending to show that the parties did not intend to embody their entire oral agreement in these writings. "The rule that all prior negotiations are merged in the subsequent written instrument, has no application" to such a situation. *Brosty* v. *Thompson,* 79 Conn. 133, 64 Atl. 1; *Asbestos Products Corporation* v. *Matson,* 97 Conn. 381, 116 Atl. 680; *Reader* v. *Grossman,* 98 Conn. 283, 119 Atl. 52.

This evidence having been admitted, the undisputed facts disclose that the parties entered into an agree-

ment by which it was provided that the defendant was to turn over to the plaintiff an unassembled Buick car, supply all missing parts except the top, and provide him with all assistance necessary to put the car in usable condition, to transfer the same to plaintiff in consideration of the agreement of plaintiff to deliver to defendant his Buick car, and to pay him $350 within a stipulated time. In pursuance of this agreement plaintiff did deliver to defendant his Buick car and paid him $310 of the $350 which he had agreed to pay him. The controverted facts were as to whether defendant had delivered his unassembled automobile to plaintiff and furnished him all assistance and parts agreed upon and necessary to put the car in usable condition. The verdict for the plaintiff indicates that the jury found these controverted issues of fact in favor of the plaintiff and the evidence discloses that their conclusion was not an unreasonable one. The denial of the motion to set aside the verdict was a correct ruling except as to the amount of the verdict, which we will treat of in our consideration of the charge as to the measure of damages.

The defendant further urges in his additional appeal that the judgment cannot be justified upon the pleadings. The court was not requested to instruct the jury upon this point. It does not appear in the exceptions to the rulings on evidence. No assignment of error based upon the charge as made raises the point. Therefore it is not properly before us. If it were, we should be obliged to hold it to be an untenable claim of law.

The remaining ground of error concerns the charge upon the subject of the damages. The court charged that if the jury found the issues in favor of the plaintiff they should determine "from the evidence what the true value of the automobile in question was at the time when and the place where it should have been de-

livered according to the contract between the parties,"
with interest from the date the jury found it should
have been delivered to the present day. This instruc-
tion must be read in connection with that just preced-
ing it, that if the jury found the issues in favor of the
plaintiff he would be entitled to damages in accordance
with the rule of law "that where one violates his con-
tract with another he is liable to that other for all loss
resulting as a direct and natural consequence of the
breach. And in determining such loss the measure of
damages is the value of the article at the time and place
of delivery and interest for the delay." The recovery
was thus limited to the loss arising from the breach by
defendant of his contract which was the direct and
natural consequence of the breach. And this the court
instructed the jury was the value of the car at the time
of the breach in accordance with the terms of the con-
tract. Where there is a breach of a contract for the
exchange of properties, sometimes called a barter con-
tract, by the refusal of one of the parties to the
contract to carry it out, the measure of damages is the
difference in value between the properties to be ex-
changed. Where the consideration as agreed upon has
been paid or given by one of the parties to the contract,
but the other party has refused to pay or give the con-
sideration agreed upon by him, the measure of damages
is the value of the property which the other party con-
tracted to pay or give in the exchange. Where the
consideration has been paid or given in part by A, one
of the parties to the contract of exchange, and the other
party, B, has refused to perform his part of the con-
tract, the measure of damages of A on breach of the
contract by B is the value of the property which B con-
tracted to pay or give in the exchange, less the value of
the property which A contracted to pay or give in the
exchange but has not given through the fault of B.

3 Sedgwick on Damages (9th Ed.) § 1020; *Bryant v. Everly,* 22 Ky. L. R. 345, 57 S. W. 231; *Rutan v. Ludlam,* 29 N. J. L. 398; *Thomas v. Dickinson,* 12 N. Y. 364; *Devin v. Himer,* 29 Iowa, 297. The jury could not have understood this otherwise than an instruction to ascertain the value of this car at the time of the breach had it been assembled, the parts supplied and it put in usable condition in accordance with the terms of the contract. This instruction was correct except in one omission: it failed to include a deduction of the part of the $350 which the plaintiff had not paid through the fault of the defendant, viz., $40, with interest from April 26th, 1920; in that particular it was erroneous. The verdict and judgment must be presumed to have included this amount and to that extent only, $51.94, the judgment to have been excessive.

There is error and a new trial is ordered unless the plaintiff enters a *remittitur* of $51.94 of the amount of the judgment as of its date; if such *remittitur* be entered, the judgment shall thereupon, as to the residue, stand affirmed; the costs of this court to be taxed, in either event, in favor of the appellant.

In this opinion the other judges concurred.