HYDRO-CENTRIFUGALS, INCORPORATED, *vs.* THE CRAWFORD LAUNDRY COMPANY.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 5th—decided July 25th, 1929.

*Raymond E. Hackett,* for the appellant (plaintiff).

*Sanford Stoddard* and *John C. Thompson,* for the appellee (defendant).

HINMAN, J. The complaint alleges that on November 17th, 1926, the plaintiff and the defendant entered into a contract by which the plaintiff agreed to sell and the defendant to buy one 40″ Viersen Vertical M.D. Rapid Extractor (a machine used by laundrymen for extracting water from articles being laundered) to be delivered and erected for the sum of $1,930, the defendant to be entitled to a credit of $500 on account of that price for two secondhand extractors received by the plaintiff in exchange. An amendment to paragraph one of the complaint alleges that the contract was in writing and consisted of a purchase order signed by the defendant and its president, as follows:

"Received November 18, 1926

The Crawford Laundry Co.
   Fairfield Ave. and Courtland St.
      Bridgeport, Conn.
To Hydro-Centrifugals, Inc.
   126 Lafayette Street,
     New York,
   Please furnish the following material, making shipment via.

One 40″ Viersen Vertical M. D. Extractor
   110 volt C. D. at ...................... $1,930.00
      delivered and erected
Cr. by 2 M. D. 26″ Extractor, 2nd hand ....   500.00

                                   $1,430.00

THE CRAWFORD LAUNDRY CO.
            Per G. E. Crawford, Pres."

The extractor was delivered and erected as agreed, but the defendant has not paid the balance of the purchase price, $1,430.

The answer admits that defendant's president signed the order as set out in the amended complaint, that the plaintiff received the secondhand extractors, and that the $1,430 has not been paid, but denies the other allegations. In a second defense and in its counterclaim the defendant further alleges: that on or about November 17th, 1926, the plaintiff represented to it that the machine referred to in the complaint would do in a satisfactory manner, the work of two of the four extractors then being used by the defendant, and offered to install it in the defendant's laundry subject to defendant's approval, and with a guaranty that the machine would do the work for which it was designed in a proper manner and to the satisfaction of the defendant, and that, relying thereon, the defendant

signed the order; that the machine was installed but never operated properly or to the defendant's satisfaction, nor would it properly perform the functions for which it was designed, and after ineffectual attempts by the plaintiff to make it operate properly, the defendant notified the plaintiff to remove the machine and return the two extractors taken by it.

The trial court found that statements and representations, substantially as so alleged by the defendant, were made by the plaintiff's representatives at and prior to the signing of the order, held that these constituted an express warranty of fitness for the use of the defendant in the location where, as the plaintiff knew, the defendant had to use the extractor, and found, further, that, in this location, it was wholly worthless. Judgment was rendered, accordingly, for the defendant on the complaint and counterclaim, with damages, under the latter, for the value of the two extractors received by the plaintiff and not returned.

Upon the trial the defendant claimed that the contract was partly written and partly parol. The complaint alleged that the contract was written. The court admitted parol testimony of the defendant's officers and agents as to statements and representations made by the plaintiff's representatives prior to the execution of the written order, quoted above, and the findings pertaining to express warranty are based upon this evidence. The rulings admitting this evidence are assigned as error. "The rule excluding parol evidence does not apply in cases where the original contract was verbal and entire and a part only of it is reduced to writing." *Asbestos Products Corporation* v. *Matson,* 97 Conn. 381, 384, 116 Atl. 680. "Whether the parties intended the writing to embody their entire oral agreement or only a part of it, was a question for the trial court, to be determined from the conduct and language

of the parties and the surrounding circumstances."
*Brosty* v. *Thompson,* 79 Conn. 133, 136, 64 Atl. 1; 5
Wigmore on Evidence (2d Ed.) § 2430. The court was
correct in permitting the defendant to introduce parol
evidence of the surrounding circumstances, conduct of
the parties, and their language as to the terms of their
agreement in the oral negotiations preceding the sign-
ing of the order, to determine whether the parties in-
tended the writing to embody their entire oral agree-
ment or only a part of it. *Reader* v. *Grossman,* 98
Conn. 283, 285, 119 Atl. 52. The inquiry was particu-
larly justified, here, in view of the form and contents
of the written order. *Fernandez* v. *Thompson,* 104
Conn. 366, 369, 132 Atl. 895. The terms of the part
of the agreement claimed to be verbal were not incon-
sistent with those found in the written order, as in
*New Idea Pattern Co.* v. *Whelan,* 75 Conn. 455, 459,
53 Atl. 953.

The evidence so received abundantly justified the
conclusion that the written order did not and was not
intended to constitute the entire contract between the
parties, and, having thus become available upon the
merits, was equally adequate to support the findings of
fact and the conclusion of express warranty, which are
sought to be eliminated from the finding.

The appellant asks to have added findings that at
an interview between a representative of the plaintiff,
Ruroede, and George E. Crawford, president of the
defendant corporation, on November 17th, 1926, prior
to the signing of the order, the former inquired of the
latter as to the kind, condition and thickness of the
third floor of defendant's laundry building at the place
where the machine was to be located, and was informed
"that the floor was solid concrete about seven or eight
inches thick and that it was all right"; that in con-
senting to the location of its extractor in the place

selected the plaintiff relied on these assurances, whereas the floor was originally constructed four inches thick, and subsequently another layer of concrete about one inch in thickness was laid over it, but added nothing to the strength of the floor; and, in effect, that had the floor been of the greater thickness, the excessive vibration which prevented the use of the machine in that location would not have occurred. There seems to be no dispute that the floor in question was constructed four inches thick and that the one inch layer was added later, but that Crawford represented to plaintiff that the floor was seven or eight inches in thickness cannot be regarded as an admitted or undisputed fact. *Dexter Yarn Co. v. American Fabrics Co.,* 102 Conn. 529, 541, 129 Atl. 526.

However, even if the finding were corrected, as requested, as to information given by the defendant, no substantial advantage would accrue to the plaintiff. The proposition advanced by the appellant, that "a vendor is not chargeable with breach of an express warranty where such warranty has been given by him in reliance upon a false statement of facts made to him by the vendee," rests, confessedly, upon the theory of estoppel of the vendee, and the finding affords no basis for a claim that the defendant had that knowledge of the purpose of the inquiry by which the statement is claimed to have been elicited, and understanding that the information sought was important and would be relied on, which is essential if he is to be estopped by his declaration. *Farist's Appeal,* 39 Conn. 150; *Walker v. Vaughn,* 33 Conn. 577; *Hackett v. Callender,* 32 Vt. 97; *Wheeler v. Campbell,* 68 Vt. 98; *Fountain v. Whelpley,* 77 Me. 132; *Near v. Green,* 113 Iowa, 647; 21 Corpus Juris, p. 1125.

The ample and undisputed evidence already before the court, as to the satisfactory operation of the same

type of machine by other users in different locations, rendered harmless, as well as within the court's discretion, the exclusion, as cumulative, of testimony of a witness offered as to his satisfaction with a similar machine. 4 Wigmore on Evidence (2d Ed.) §§ 1907, 1908 (3).

There is no error.

In this opinion the other judges concurred.